UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER KELEMENCKY | : NO.: 3:01CV1811 (SRU) |
| | : |
| v. | : |
| | : |
| | : |
| STATE TROOPER CUSATO #1090, ET AL | : FEBRUARY 17, 2004 |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT TOKARZ TO
### PLAINTIFF'S SECOND AMENDED COMPLAINT
### DATED JANUARY 23, 2003

1.  That portion of paragraph 1 which states: "This is an action to redress the deprivation by the defendants of rights secured to the plaintiff by the Constitutions and laws of the United States and the State of Connecticut" and that portion which states that the defendant Tokarz "engaged in many acts/omissions of wrongful conduct against the plaintiff in violation of several of the plaintiff's rights under the Constitutions and laws of the United States and the State of Connecticut", is denied.  As to the remainder of paragraph 1, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

2.  As to paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 25 and 26, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

3.  That portion of paragraph 6 which states:  "that Officer Tokarz was a duly appointed officer of the State of Connecticut with the Woodbury Resident Troopers Office and/or and an officer of the Town of Woodbury acting in his official capacity" is admitted.  As to the remainder of paragraph 6, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves

the plaintiff to his burden of proof.

    4.    Paragraphs 21, 22, 23, 29, 31 and 32, are denied.

    5.    That portion of paragraph 24 which states: "The defendants thereafter, in further deviation of their proper duties as police officers, intentionally with actual malice, instituted a criminal proceeding against plaintiff though there was no probable cause for said proceeding", is denied.   As to the remainder of paragraph 24, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

    6.    That portion of paragraph 27 which states: "At the end of May, 2000, the plaintiff was acquitted of all criminal charges", is admitted.   As to the remainder of paragraph 27, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

    7.    That portion of paragraph 28 which states: "As a direct and proximate result of the wrongful acts and omissions of the defendants herein described," is denied. As to the remainder of paragraph 28, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

    8.    That portion of paragraph 30 which states: "In the manner described herein, the Defendants unreasonably deprived the plaintiff of his constitutional rights that were clearly established", is denied.   As to the remainder of paragraph 30, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

    9.    That portion of paragraph 33 which states:  "As a direct and proximate result of the defendants' conduct as herein alleged," is denied.  As to the remainder of paragraph 33, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

10. That portion of paragraph 34 which states: "In the manner described herein, the defendants intentionally and/or recklessly, willfully and wantonly with malice deprived the plaintiff of his rights under Connecticut State law," is denied. As to the remainder of paragraph 34, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

11. That portion of paragraph 35 which states: "In the manner described herein, the defendants unreasonably deprived the plaintiff of his constitutional rights that were clearly established," is denied. As to the remainder of paragraph 35, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The plaintiff's complaint is barred by the doctrine of governmental immunity as established by Conn. Gen. Stat. §52-557n and the common law.

### Third Affirmative Defense

The plaintiff's complaint is barred by the doctrine of qualified immunity.

### Fourth Affirmative Defense

The actions of the defendant Tokarz are justified by Conn. Gen. Stat. §53a-22.

        THE DEFENDANT,
        OFFICER TOKARZ #LC43, FROM
        WOODBURY RESIDENT TROOPERS


        By /s/John J. Radshaw, III
          John J. Radshaw, III, ct19882
          HOWD & LUDORF
          65 Wethersfield Avenue
          Hartford, CT  06114
          Telephone:  (860) 249-1361
          Fax:  (860) 249-7665
          e-mail:  jradshaw@hl-law.com

## CERTIFICATION

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 17th day of February, 2004.

Tavis O. Tindall, Esquire
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT  06722

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277

Stephen R. Sarnoski, Esquire
Office of the Attorney General
110 Sherman Street
Hartford, CT  06105


        /s/John J. Radshaw, III
        John J. Radshaw, III