## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER KELEMENCKY | : | NO.: 3:01 CV 1811 (SRU) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATE TROOPER CUSATO #1090; STATE | : | |
| TROOPER LUKIENCHUK #573; STATE | : | |
| TROOPER DESOUSA #1113; STATE | : | |
| TROOPER PANDISCIA #559; STATE | : | |
| TROOPER BLAKE #1338; SERGEANT | : | |
| TROOPER DOLAN #268, ALL FROM | : | |
| CONNECTICUT STATE TROOPERS | : | |
| TROOP L LITCHFIELD; SERGEANT | : | |
| WILDMAN #207, FROM MIDDLEBURY | : | |
| POLICE DEPARTMENT; OFFICER | : | |
| TOKARZ #LC43, FROM WOODBURY | : | |
| RESIDENT TROOPERS | : | JUNE 11, 2004 |

### JOINT TRIAL MEMORANDUM

**1.   TRIAL COUNSEL:**

    a.   Plaintiff – Peter Kelemencky

        Timothy C. Monahan, Esquire
        Tavis O. Tindall, Esquire
        Moynahan, Minnella & Tindall, LLC
        141 East Main Street
        Waterbury, CT  06722
        Phone:      (203) 573-1411
        Fax:          (203) 757-9313

    b.   Defendants from Connecticut State Police

        Stephen R. Sarnoski, Esquire
        Office of the Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Phone:      (860) 808-5450
        Fax:          (860) 808-5591

c.      Defendant – Sgt. Wildman

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277
Phone:      (860) 548-2600
Fax:        (860) 548-2680

d.      Defendant – Officer Tokarz

John J. Radshaw, III, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
Phone:      (860) 249-1361
Fax:        (860) 249-7665

## 2.    JURISDICTION:

The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. Sections 1331, 1343(3), and 1367(a) and Sections 1983 and 1988 of Title 42 of the United States Code.

## 3.    JURY/NON-JURY:

This case will be tried to a jury.

## 4.    LENGTH OF TRIAL:

Five (5) to eight (8) days, exclusive of jury selection.

## 5.    FURTHER PROCEEDINGS:

a.      Plaintiff 's Motion in Limine

b.      Plaintiff intends on filing an amended complaint removing any state

2

constitutional and legal claims other than malicious prosecution, abuse of process and intentional infliction of emotional distress and removing his claim for lost wages or lost business income.

     c.    Defendant Tokarz's Motion in Limine

## 6.   **NATURE OF CASE**:

This is a civil rights case brought by the plaintiff under 42 U.S.C. § 1983 alleging that he was falsely arrested and maliciously prosecuted following an October 10, 1999, State Police investigation into an ongoing domestic disturbance in the Town of Woodbury in which he was mistaken for the perpetrator. Plaintiff also claims the defendants used excessive force in apprehending him. The plaintiff also joins pendent state law causes of action for malicious prosecution, abuse of process and intentional infliction of emotional distress.

## 7.   **TRIAL BY MAGISTRATE JUDGE**:

The parties have not agreed to trial by a magistrate judge.

## 8.   **LIST OF WITNESSES**:

### a.   **Plaintiff's witnesses**:

    1.    Trooper Paul Lukienchuk, Troop L, Litchfield, CT. Trooper Paul Lukienchuk will offer testimony regarding his observations of and involvement before, during and after the subject incident; concerning his police report and his criminal trial testimony; concerning the testimony and police reports created by other defendants; and regarding his training and experience as a police officer;

    2.    Trooper Jason DeSousa, Troop L, Litchfield, CT. Trooper Jason DeSousa will offer testimony regarding his observations of and involvement before, during and after the subject incident; concerning his police report and his criminal trial testimony; concerning the testimony and police reports created by

other defendants; and regarding his training and experience as a police officer;

3.    Trooper Pandiscia, Troop L, Litchfield, CT. Trooper Pandiscia will offer testimony regarding his observations of and involvement before, during and after the subject incident; concerning his police report and his criminal trial testimony; concerning the testimony and police reports created by other defendants; and regarding his training and experience as a police officer;

4.    Sergeant Dolan, Troop L, Litchfield, CT. Sergeant Dolan will offer testimony regarding his observations of and involvement before, during and after the subject incident; concerning his police report and his criminal trial testimony; concerning the testimony and police reports created by other defendants; and regarding his training and experience as a police officer;

5.    Trooper Cusato Troop L, Litchfield, CT. Trooper Cusato will offer testimony regarding his observations of and involvement before, during and after the subject incident; concerning his police report and his criminal trial testimony; concerning the testimony and police reports created by other defendants; and regarding his training and experience as a police officer.

6.    State Trooper Blake, Troop L, Litchfield, CT. State Trooper Blake will offer testimony regarding his observations of and involvement before, during and after the subject incident; concerning his police report and his criminal trial testimony; concerning the testimony and police reports created by other defendants; and regarding his training and experience as a police officer;

7.    Sgt. Richard Wildman, Police Officer, Town of Middlebury, CT. Officer Richard Wildman will offer testimony regarding his observations of and involvement before, during and after the subject incident; concerning his police report and his criminal trial testimony; concerning the testimony and police reports created by other defendants; and regarding his training and experience as a police officer;

8.    Officer Stephen Tokarz, Police Officer, Town of Woodbury, CT. Officer Stephen Tokarz will offer testimony regarding his observations of and

involvement before, during and after the subject incident; concerning his police report and his criminal trial testimony; concerning the testimony and police reports created by other; defendants; and regarding his training and experience as a police officer;

9.    Peter Kelemencky, 285 Upper Grassy Hill Road, Woodbury, CT 06798. Peter Kelemencky will offer testimony concerning his observations and conduct before, during and after the subject incident and concerning the conduct of the defendants during and after said   incident.  He will provide testimony concerning some or all of the areas to which he and other witnesses testified at the criminal trial and during depositions, including concerning the damages and losses he has incurred due to defendants' wrongful conduct;

10.    Monroe Kelemencky, 235 Main St. South, Woodbury CT  06798. Monroe Kelemencky will offer testimony concerning his observations and conduct before, during and after the subject incident, and concerning the conduct of the plaintiff and defendants during and after said incident.  He will provide testimony concerning some or all the areas to which he and others testified during the criminal trial and at their depositions.  He may offer testimony on the impact this incident has had upon the Plaintiff;

11.    Bonnie Kelemencky, 285 Upper Grassy Hill Rd., Woodbury CT 06798. Bonnie Kelemencky will offer testimony concerning her observations and conduct before, during and after the subject incident, and concerning the conduct of the plaintiff and    defendants before, during and after said incident.  She will also    provide testimony concerning some or all the areas to which she and others testified during the criminal trial and at their depositions.  She may offer testimony on the impact this incident has had upon the Plaintiff;

12.    Lenora Thomas, 362 Porter Avenue, Middlebury, CT 06762. Lenora Thomas will offer testimony concerning her observations and conduct during a social gathering that occurred at her home just prior to the subject incident.  She will offer testimony   concerning Plaintiff's consumption of alcohol and her opinion concerning whether he exhibited signs of one intoxicated while in her presence at

said social gathering. She will also offer testimony concerning the subject matter of the  testimony that she and others gave at the criminal trial;

13.    David Thomas, 118 Hereford Avenue, Waterbury, CT 06704. David Thomas will offer testimony concerning his observations and conduct during a social gathering that occurred at his home just prior to the subject incident. He will offer testimony  concerning Plaintiff's consumption of alcohol and his opinion concerning whether he exhibited signs of one intoxicated while in his presence at said social gathering. He will also offer testimony concerning the subject matter of the testimony that he and others gave at the criminal trial;

14.    Steven Grudzien, 28 Church Street, Woodbury, CT 06798. Steven Grudzien will testify concerning his observations of Plaintiff following the subject incident during the time Mr. Grudzien was providing medical treatment for Plaintiff. Mr. Grudzien will testify concerning whether Mr. Kelemencky exhibited any signs of intoxication while Mr. Grudzien attended  Plaintiff. Mr. Grudzien will testify in accordance with the run sheet created concerning Mr. Kelemencky. He will also testify concerning the areas to which he and others testified at the criminal trial and during their depositions, including but not limited to regarding Sgt. Dolan contacting him prior to the criminal trial regarding Mr. Grudzien's anticipated criminal trial testimony;

15.    Judith Saari, 314 Railtree Hill Road, Woodbury, CT 06798. Judy Saari will testify concerning her observations of Plaintiff following the subject incident during the time Ms. Saari was providing medical treatment for Plaintiff. Ms. Saari will testify concerning whether Mr. Kelemencky exhibited any signs of intoxication while Ms. Saari attended Plaintiff. Ms. Saari will  testify in accordance with the run sheet created concerning Mr. Kelemencky. She will also testify concerning the areas to which she and others testified at the criminal trial and during depositions, including but not limited to Sgt. Dolan contacting her prior to the criminal trial regarding Ms. Saari's anticipated criminal trial testimony;

16.    Terry Langdon, Town of Woodbury Police Officer Terry Langdon will offer testimony concerning his observations and conduct during a social

gathering that occurred at the Thomas' home just prior to the subject incident. He will offer testimony concerning Plaintiff's consumption of alcohol and his opinion concerning whether Plaintiff exhibited any signs of one intoxicated while in his presence at said social gathering. He will also offer testimony concerning the subject matter of the    testimony he and others gave at the criminal trial.  He may offer testimony concerning his training and experience as a police officer and prior interaction with intoxicated individuals.

17.    Joseph Paladino - Joseph Paladino may offer testimony concerning his conduct and the conduct of the defendants on the night prior to and during the subject incident.  He may offer testimony on his subsequent arrest following the events of October 10, 1999.

18.    Heather Paladino - Heather Paladino may offer testimony concerning her conduct, the conduct of the defendants and the conduct of Joseph Paladino on the night prior to and during the subject incident.

19.    Norma Castings, 230 Main Street South, Woodbury, CT 06798. Norma Castings may offer testimony on her observations of the Plaintiff and the defendants prior to, during and after the subject incident.

20.    Attorney Martin Minnella-141 East Main Street, Waterbury, CT 06722. Marty Minnella may offer testimony concerning the legal fee charged Plaintiff for the criminal trial, the criminal court appearances and their duration that the plaintiff endured, the type of legal work performed, the time incurred and the emotional impact of the prosecution upon the plaintiff and his family.

21.    Sherry Dussanto Waterbury Hospital (as listed in Trooper DeSousa's police report).Ms. Dussanto may offer testimony concerning her observations of the Plaintiff and Officer DeSousa at Waterbury Hospital on October 10, 1999, and provide testimony concerning the conversations that occurred between Trooper DeSousa and the Plaintiff at the hospital.

22.    Plaintiff may call some or all of his treating medical professionals as expert witnesses on his treatment and condition as referenced in plaintiff's exhibit

list, ¶10a., 1-8, *infra.*

23.    Plaintiff may also call an attorney as an expert witness concerning the criminal legal fee charged the plaintiff concerning the legal fees and costs incurred in the defense of the underlying criminal litigation.

b.    **CSP's witnesses**:

1.    Joseph Cusato, Department of Public Safety, 1111 Country Club Road, Middletown, Connecticut 06457.  Trooper Cusato participated in the investigation of the domestic disturbance incident in which the plaintiff was initially mistaken to be the perpetrator.  He will testify as to his actions and observations during the course of said investigation.

2.    David Pandiscia, Department of Public Safety, 1111 Country Club Road, Middletown, Connecticut 06457.  Trooper Pandiscia participated in the investigation of the domestic disturbance incident in which the plaintiff was initially mistaken to be the perpetrator.  He will testify as to his actions and observations during the course of said investigation.

3.    Paul Lukienchuk, Department of Public Safety, 1111 Country Club Road, Middletown, Connecticut 06457.  Trooper Lukienchuk participated in the investigation of the domestic disturbance incident in which the plaintiff was initially mistaken to be the perpetrator.  He will testify as to his actions and observations during the course of said investigation.

4.    Jason DeSousa, Department of Public Safety, 1111 Country Club Road, Middletown, Connecticut 06457.  Trooper DeSousa arrested the plaintiff for operating a motor vehicle under the influence of alcohol or drugs and interfering with a police officer following the investigation of the domestic disturbance incident in which the plaintiff was initially mistaken to be the perpetrator.  He will testify as to his actions and observations during the course of said investigation.

5.    Thomas Blake, Department of Public Safety, 1111 Country Club

Road, Middletown, Connecticut 06457. Trooper Blake participated in the investigation of the domestic disturbance incident in which the plaintiff was initially mistaken to be the perpetrator. He will testify as to his actions and observations during the course of said investigation.

6.      James Dolan, Department of Public Safety, 1111 Country Club Road, Middletown, Connecticut 06457. Sergeant Dolan supervised the investigation of the domestic disturbance incident in which the plaintiff was initially mistaken to be the perpetrator. He will testify as to his actions and observations during the course of said investigation.

7.      Judith Saari, Woodbury Ambulance Association, Woodbury, Connecticut. Ms. Saari responded to the scene of the plaintiff's arrest and later spoke with Sergeant James Dolan concerning her appearance as a witness during Peter Kelemencky's criminal trial. She will testify that, contrary to the allegations of the plaintiff, Sergeant Dolan did not attempt to influence her to testify untruthfully in a manner favorable to the prosecution.

8.      Steven Grudzien, Woodbury Ambulance Association, Woodbury, Connecticut. Mr. Grudzien responded to the scene of the plaintiff's arrest and later spoke with Sergeant James Dolan concerning his appearance as a witness during Peter Kelemencky's criminal trial. He will testify that, contrary to the allegations of the plaintiff, Sergeant Dolan did not attempt to influence him to testify untruthfully in a manner favorable to the prosecution.


c.    **Sgt. Wildman's witnesses**:

    1 – 8. Sgt. Wildman incorporates by reference the witnesses offered by
        the CSP defendants.

    9.    Sgt. Richard Wildman

    10.    Officer Katherine Blick

    11.    Dispatcher Tom Reynolds.

d.     **Officer <u>Tokarz' witnesses</u>**:

1 –11. Officer Tokarz incorporates by reference the witnesses offered by the CSP defendants and Sgt. Wildman.

12.     Stephen Tokarz.

9.     <u>**DEPOSITION TESTIMONY**</u>:

None anticipated, other than for impeachment purposes or to refresh the recollection of witnesses.

10.     <u>**EXHIBITS**</u>:

a.     **Plaintiff Kelemecky**

1.     All medical records of Plaintiff from Waterbury Hospital Health Center;

2.     All medical records of Plaintiff from Waterbury Hospital Emergency Room Records;

3.     All medical records of Plaintiff from Woodbury Ambulance Association Run sheet;

4.     All medical records of Plaintiff from Associated Physicians of Southbury medical records;

5.     All medical records of Plaintiff from Dr. Steven Rosa's medical records;

6.     All medical records of Plaintiff from Dr. Rodin's medical records;

7.     All medical records of Plaintiff from Diagnostic Radiology Associates medical records;

8.     All medical records of Plaintiff from Southbury Diagnostic Imaging

Center medical records.

9. Photographs of Plaintiff's truck and comparative vehicles and vehicle manuals.

10. Police reports and other related statements and documents created by the Defendants pertaining to the subject incident.

11. Records concerning the legal fees/costs Plaintiff incurred for the criminal trial and the legal fees/costs incurred in pursuing the present civil litigation.

12. Police procedure manuals, training materials, police regulations and related documents of the respective police departments of the defendants involved in this case.

13. Photographs of Plaintiff taken after the incident and photographs of the area where the subject incident occurred.

14. The relevant portions of Joseph Palladino's criminal file arising out of or related to the subject incident.

15. The relevant portion of the plaintiff's criminal file arising out of or related to the subject incident.

b. **CSP**

1. Connecticut State Police Investigative Report #L99-258491

2. Connecticut State Police Investigative Report #L99-258533

3. Connecticut State Police Investigative Report # L99-258525

4. Photograph of Peter Kelemencky taken by Trooper DeSousa following the plaintiff's arrest.

c. **Sgt. Wildman**

1. Middlebury Police Department Incident Report, Incident Report Narrative, and Incident Report Supplement for case #99-8566; Stalking/Reckless endangerment.

2.      Middlebury Police Department Arrest warrant application for James
        Paladino, case #99-8566, dated 10/11/99.

3.      Middlebury Police Department Incident Report and Incident Report
        Narrative for case #99-8568; Interfering With An Officer.

4.      Connecticut Uniform Police Accident Report #99-8575 for Thomas
        Cicchiello and Heather Palladino, includes diagram.

5.      Affidavit of Trooper Desousa, case #L 99-258533, October 12,
        1999.

6.      Temporary Operator's License Form for Peter Kelemencky and
        attached Motor Vehicle Report, Summons #MA-286205, October
        10, 1999.

**d.    Officer Tokarz**

1-10.   Officer Tokarz adopts the proposed exhibits of the CSP and Sgt.
Wildman.


11.     **ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE**:

No evidentiary problems anticipated outside of the motions in limine filed
herewith.  See attached.

a.      Plaintiff intends on pursuing a Motion in Limine prohibiting the introduction
to the jury of information of any type concerning:

1.      Prior arrests and incidents involving police officers and Plaintiff,
        including prior litigation against police;

2.      Alleged refusal of Plaintiff to take breath or urine test for alcohol;

3.      Bottle/cans of beer allegedly found in Plaintiff's truck;

4.      Testimony by defendant officer that Plaintiff was intoxicated, drunk
        or "blotted;"

5.      Payments made to Plaintiff's medical providers by his health

insurance.

b.    Defendant Tokarz intends on pursuing Motions in Limine concerning:

1.    Plaintiff's claimed lost wages and lost earnings;

2.    Testimony by EMTs Sarri and Grudizen that the plaintiff was not intoxicated on the night in question;

3.    Any testimony by any plaintiff's witness concerning the appropriateness of police practices, tactics or procedures;

4.    Records concerning the legal fees/costs plaintiff incurred for the present civil litigation.

5.    Police procedure manuals, training materials, police regulations and related documents of the respective police departments of the defendants involved in this case.

6.    Photographs of the plaintiff's truck or "comparative" trucks.

7.    Photographs of the area where the subject incident occurred.

8.    Any testimony by Atty. Minella or any witness concerning the legal fees charged in the underlying criminal action.

9.    Any testimony by Atty. Minella regarding the emotional impact of the underlying criminal prosecution upon the plaintiff and his family.

10.    The relevant portions of Joseph Palladino's criminal file arising out of or related to the subject incident.

11.    The relevant portion of the plaintiff's criminal file arising out of or related to the subject incident.

12.    **STIPULATIONS OF FACT AND LAW**:

a.    **Stipulations**

1.    At all times relevant to this lawsuit, the Connecticut State Police defendants were acting in their official capacities as Connecticut State Police troopers, under color of law.

2.    At all times relevant to this lawsuit, the defendant, Sgt. Richard Wildman, was acting in his official capacity as a Middlebury Police Officer, under color of law.

3.    At all times relevant to this lawsuit, the defendant, Officer Stephen Tokarz, was acting in his official capacity as a Woodbury Police Officer, under color of law.

b.    **Plaintiff's Contentions**

1.    The Defendants falsely arrested, detained and seized Plaintiff on 2 separate occasions on October 10, 1999 in violation of the Plaintiff's rights under the Fourth Amendment of the U.S. Constitution as enforced through Title 42 United States Code §§ 1983 and 1988.

2.    The Defendants used an unnecessary, excessive and unreasonable amount of force under the circumstances against the Plaintiff, in violation of the Plaintiff's rights under the Fourth Amendment of the U.S. Constitution as enforced through Title 42 United States Code §§ 1983 and 1988.

3.    The Defendants maliciously prosecuted the Plaintiff and engaged in abuse of process toward the Plaintiff in their treatment of him, arising out of the October 10, 1999 incident in violation of Plaintiff's rights under the Fourth Amendment of the U.S. Constitution as enforced through Title 42 United States Code §§ 1983 and 1988.

4.    The Defendants intentionally inflicted emotional distress upon the Plaintiff during the incident of October 10, 1999 and thereafter in assisting in falsely charging, arresting and prosecuting the Plaintiff in violation of federal and state law.

## c.    Defendants' Contentions

The defendants contend that they were in the process of investigating a domestic incident in which the husband had allegedly threatened his wife with a firearm. The defendants contend that the plaintiff was properly stopped and investigated during the course of this incident, although it was ultimately determined that he was not the party being sought. Nevertheless, the plaintiff was properly arrested for operating a motor vehicle under the influence of alcohol or drugs and interfering with a police officer based on facts which developed during the course of the investigation.

## d.    Legal Issues

1.    Whether the defendants falsely arrested, detained or seized the plaintiff in violation of his Fourth Amendment rights on two separate occasions on October 10, 1999.

2.    Whether the defendants used excessive force under the circumstances against the plaintiff in violation of his Fourth Amendment rights.

3.    Whether the defendants maliciously prosecuted the plaintiff in violation of his Fourth Amendment rights.

4.    Whether the defendants are entitled to qualified immunity for their actions.

5.    Whether the defendants abused process in violation of Connecticut common law;

6.    Whether the defendants maliciously prosecuted the plaintiff in violation of Connecticut common law;

7.    Whether the defendants intentionally inflicted emotional distress upon the plaintiff in violation of Connecticut common law.

13.    TRIAL TO COURT/JURY:

    a.    **Court**:

Not applicable.

    b.    **Jury**:

        (1)    **Proposed Voir Dire Questions**:

Plaintiff's proposed voir dire questions are attached as Exhibit A. CSP Defendants proposed voir dire questions are attached as Exhibit B. Defendant Wildman adopts CSP defendants' proposed voir dire questions. Defendant Tokarz adopts CSP defendants' proposed voir dire questions.

        (2)    **Proposed Jury Instructions**:

Plaintiff's proposed jury instructions are attached as Exhibit CD. CSP Defendants proposed jury instructions are attached as Exhibit D. Defendant Wildman adopts CSP defendants' proposed jury instructions. Defendant Tokarz adopts CSP defendants' proposed jury instructions and adds proposed jury instructions attached as Exhibit E.

        (3)    **Jury Interrogatories/Proposed Verdict Form**:

Plaintiff's proposed Verdict Form is attached as Exhibit F. CSP defendants' proposed Verdict Form is attached as Exhibit G. Defendant Wildman's proposed Verdict Form is attached as Exhibit H. Defendant Tokarz's proposed Verdict Form is attached as Exhibit I.

        (4)    **Proposed Case Statement**:

The plaintiff contends that the defendant police officers falsely arrested, used excessive force, and maliciously prosecuted him following an October 10, 1999, domestic disturbance in the Town of Woodbury in which he was mistaken for the perpetrator. The defendants contend that they were in the process of investigating a domestic incident in which the husband had allegedly threatened his wife with a firearm. The defendants contend that the plaintiff was properly stopped and investigated during the course of this incident, although it was ultimately determined that he was not the party being sought. The defendants claim the plaintiff was properly arrested for

operating a motor vehicle under the influence of alcohol or drugs and interfering with a police officer based on facts which developed during the course of the investigation.

Exhibits:

| | | |
|---|---|---|
| A | - | Plaintiff's Proposed Voir Dire Questions |
| B | - | CSP Defendants proposed voir dire questions |
| C | - | Plaintiff's proposed jury instructions |
| D | - | CSP Defendants proposed jury instructions |
| E | - | Officer Tokarz's additional proposed jury instructions. |
| F | - | Plaintiff's proposed Verdict Form |
| G | - | CSP defendants' proposed Verdict Form |
| H | - | Defendant Wildman's proposed Verdict Form |
| I | - | Defendant Tokarz's proposed Verdict Form |

RESPECTFULLY SUBMITTED,

PLAINTIFF
PETER KELEMENCKY


/s/ Tavis O. Tindall
Tavis O. Tindall, ct18892
MOYNAHAN, MINNELLA, BRODERICK
& TINDALL
141 East Main Street
Waterbury, CT  06722
(203) 573-1411

DEFENDANTS,
STATE TROOPER CUSATO #1090;
STATE TROOPER LUKIENCHUK #573;
STATE TROOPER DESOUSA #1113;
STATE TROOPER PANDISCIA #559;
STATE TROOPER BLAKE #1338;
SERGEANT TROOPER DOLAN #268,
ALL FROM CONNECTICUT STATE
TROOPERS, TROOP L LITCHFIELD


/s/ Stephen R. Sarnoski
Stephen R. Sarnoski, ct05129
OFFICE OF THE ATTORNEY
GENERAL
110 Sherman Street
Hartford, CT  06105
(860) 808-5450
(860) 808-5591 (fax)

DEFENDANT,
SERGEANT WILDMAN #207, FROM
MIDDLEBURY POLICE DEPARTMENT


James N.  Tallberg, ct17849
UPDIKE, KELLY & SPELLACY, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277
(860)
(860)

DEFENDANT,
OFFICER TOKARZ #LC43, FROM
WOODBURY RESIDENT TROOPERS

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 14th day of June 2004.

Tavis O. Tindall, Esquire
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT  06722

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277

Stephen R. Sarnoski, Esquire
Office of the Attorney General
110 Sherman Street
Hartford, CT  06105

/s/ John J. Radshaw, III
John J. Radshaw, III