## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER KELEMENCKY | :  NO.: 3:01 CV 1811 (SRU) |
| v. | : |
| STATE TROOPER CUSATO #1090; STATE TROOPER LUKIENCHUK #573; STATE TROOPER DESOUSA #1113; STATE TROOPER PANDISCIA #559; STATE TROOPER BLAKE #1338; SERGEANT TROOPER DOLAN #268, ALL FROM CONNECTICUT STATE TROOPERS TROOP L LITCHFIELD; SERGEANT WILDMAN #207, FROM MIDDLEBURY POLICE DEPARTMENT; OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS | : <br><br>:  JUNE 11, 2004 |

### MOTION IN LIMINE
### RE TESTIMONY CONCERNING POLICE PRACTICES, TACTICS OR PROCEDURES AND MANUALS, TRAINING MATERIALS, REGULATIONS AND/OR "RELATED DOCUMENTS"

Pursuant to Fed.R.Evid. 403 & 702 and Fed.R.Civ.P. 26 & 37, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, hereby moves for an order, in limine, and respectfully requests that the court preclude any testimony by any of the plaintiff's witnesses or the introduction of any document concerning police practices, procedures, tactics, manuals, training materials, regulations, or unidentified "related documents."

The defendant submits that such testimony and evidence can only be introduced through an expert witness and the plaintiff has not disclosed such a witness. Moreover, no claim exists against any municipality or officer in his or her official capacity for a

failure to train, supervise, or hire, or that the plaintiff's injuries were a result of some unconstitutional policy, practice or custom. Despite requests by the defendants, no such materials were disclosed at any time. Additionally, it is well established that the violation of a violation of an internal rule or regulation does not equal a constitutional violation; negligence is never the basis for constitutional violations. Daniels v. Williams, 474 U.S. 327 (1986) (noting that 42 U.S.C. § 1983 provides a right of action for civil rights violations and cannot be used to sue correctional officials for negligence). Accordingly, such testimony or evidence would be irrelevant to the plaintiff's cause of action.

WHEREFORE, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, prays the court will enter an order, in limine, precluding any testimony by any of the plaintiff's witnesses or the introduction of any document concerning police practices, procedures, tactics, manuals, training materials, regulations, or unidentified "related documents."

DEFENDANT,
OFFICER TOKARZ #LC43, FROM
WOODBURY RESIDENT TROOPERS

_____
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 14th day of June 2004.

Tavis O. Tindall, Esquire
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT 06722

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Stephen R. Sarnoski, Esquire
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

_____
John J. Radshaw, III