01CV1811 MOTION IN LIMINE

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER KELEMENCKY | : | NO.: 3:01 CV 1811 (SRU) |
| v. | : | |
| STATE TROOPER CUSATO #1090; STATE TROOPER LUKIENCHUK #573; STATE TROOPER DESOUSA #1113; STATE TROOPER PANDISCIA #559; STATE TROOPER BLAKE #1338; SERGEANT TROOPER DOLAN #268, ALL FROM CONNECTICUT STATE TROOPERS TROOP L LITCHFIELD; SERGEANT WILDMAN #207, FROM MIDDLEBURY POLICE DEPARTMENT; OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS | : |   JUNE 11, 2004 |

### MOTION IN LIMINE
### RE TESTIMONY OF EMTS SAARI AND GRUDIZEN CONCERNING INTOXICATION

Pursuant to Fed.R.Evid. 403 & 702, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, hereby moves for an order, in limine, and respectfully requests that the court preclude the introduction any testimony by plaintiff's witnesses Judith Saari and Steven Grudzien concerning their opinion whether or not the plaintiff was intoxicated on the night in question. Because of their status as emergency medical technicians ("EMTs"), a jury may improperly credit their testimony concerning the plaintiff's alleged intoxication based on that status as an EMT. Both Saari and Grudizen testified that they are not permitted to determine whether a subject is intoxicated as EMTs. Such confusion suggests that testimony be precluded.

The pre-trial testimony of Saari and Grudzien is telling:

> Q. Do you have any idea if Mr. Kelemencky was intoxicated at that time?
>
> A. Do I have any idea? I'm not trained to diagnose. We're not trained to diagnose if you are intoxicated.
>
> Q. So, you couldn't tell whether he had one beer, five beers or ten beers?
>
> A. Absolutely not.
>
> Q. That's not something that is in your authority as an EMT?
>
> A. No, it is not.

Dep. of Saari, p. 41.

> A. . . . our job is not to diagnose the patient. Our job is to treat what we see. And intoxication -- we're not supposed to put on a run form that that person is intoxicated because we are making a judgmental diagnosis of that patient. That's the doctor's job. So, if anything, we may put question mark ETOH, which is the symbol for alcohol with another question mark. But our job is not to diagnose or make any decision on what that patient's condition is.

Dep. of Grudizen, p. 29.

By their own admission, neither Saari nor Grudizen are able to testify concerning intoxication because that is a diagnosis. If asked as suggested by the plaintiff in the joint trial memorandum, a jury may give their testimony improper weight because of their status as EMTs, individuals with advanced training and specialized expertise. While it is in the ambit of lay testimony to opine on the intoxication of individuals, if questioned by the plaintiff on that subject, they jury may be confused. The defendants' would be prejudiced as the jury could confuse Saari and Grudizen's opinions as laypersons with their qualifications as EMTs. No limiting instruction will be able to cure such confusion.

WHEREFORE, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, prays that the court enters an order, in limine, and precludes

the introduction any testimony by plaintiff's witnesses Judith Saari and Steven Grudzien concerning their opinion whether or not the plaintiff was intoxicated on the night in question.

DEFENDANT,
OFFICER TOKARZ #LC43, FROM
WOODBURY RESIDENT TROOPERS

_____
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 14th day of June 2004.

Tavis O. Tindall, Esquire
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT 06722

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Stephen R. Sarnoski, Esquire
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

_____
John J. Radshaw, III

3