# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER KELEMENCKY | NO.: 3:01 CV 1811 (SRU) |
| v. | |
| STATE TROOPER CUSATO #1090; STATE TROOPER LUKIENCHUK #573; STATE TROOPER DESOUSA #1113; STATE TROOPER PANDISCIA #559; STATE TROOPER BLAKE #1338; SERGEANT TROOPER DOLAN #268, ALL FROM CONNECTICUT STATE TROOPERS TROOP L LITCHFIELD; SERGEANT WILDMAN #207, FROM MIDDLEBURY POLICE DEPARTMENT; OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS |   JUNE 11, 2004 |

## MOTION IN LIMINE
## RE TESTIMONY OR DOCUMENTS CONCERNING
## LEGAL FEES IN PRESENT CIVIL CASE

Pursuant to Fed.R.Evid. 403 & 702 and Fed.R.Civ.P. 26 & 37, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, hereby moves for an order, in limine, and respectfully requests that the court preclude any testimony by any witness or the introduction of any document concerning the plaintiff's legal fees or costs in the present civil action.

It is axiomatic that the jury does not award attorney's fees in an action based on 42 USC §1983; the court makes such an award. More importantly, an award is made to a party only upon a finding that that party has prevailed. See 42 USC §§1983, 1988. No party will have prevailed until after the jury has returned its verdict (or if the court directs a verdict). Evidence on this issue is not an element of the plaintiff's case.

Moreover, D.Conn.L.R. 83.13 expressly prohibits counsel as witness except in very limited situations. None are present here. D.Conn.L.R. 83.13(a) allows testimony in three circumstances that will not result in the disqualification of that lawyer and that law firm. These circumstances are as follows: (1) the testimony will relate solely to an uncontested matter; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony will relate solely to the nature and value of the legal services rendered in the case by the lawyer or the law firm to the client. See D.Conn.L.R. 83.13(a). While the third situation is applicable to the present case, the defendants will vigorously contest the amount, nature, scope and reasonableness of the plaintiff's submissions and any testimony will not be a matter of formality.

WHEREFORE, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, prays that the court will enter an order, in limine, and preclude any testimony by any witness or the introduction of any document concerning the plaintiff's legal fees or costs in the present civil action.

DEFENDANT,
OFFICER TOKARZ #LC43, FROM
WOODBURY RESIDENT TROOPERS

_____
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

2

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 14th day of June 2004.

Tavis O. Tindall, Esquire
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT  06722

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277

Stephen R. Sarnoski, Esquire
Office of the Attorney General
110 Sherman Street
Hartford, CT  06105

John J. Radshaw, III