UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER KELEMENCKY | : | NO.: 3:01 CV 1811 (SRU) |
| v. | : | |
| STATE TROOPER CUSATO #1090; STATE TROOPER LUKIENCHUK #573; STATE TROOPER DESOUSA #1113; STATE TROOPER PANDISCIA #559; STATE TROOPER BLAKE #1338; SERGEANT TROOPER DOLAN #268, ALL FROM CONNECTICUT STATE TROOPERS TROOP L LITCHFIELD; SERGEANT WILDMAN #207, FROM MIDDLEBURY POLICE DEPARTMENT; OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS | : | FILED 2004 JUN 17 A 11:36 U.S. DISTRICT COURT BRIDGEPORT, CONN |
| | : | JUNE 11, 2004 |

## MOTION IN LIMINE
## RE PHOTOGRAPHS OF SUBJECT AREA

Pursuant to Fed.R.Evid. 403, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, hereby moves for an order, in limine, and respectfully requests that the court preclude the introduction of the photographs of the subject area as identified in item #7 of the plaintiff's proposed exhibits. Because the photographs do not depict the same view available to the defendants under the same lighting conditions, the photos are not relevant, are unduly prejudicial, and should not be viewed by the jury.

Generally, all relevant evidence is admissible at trial. Fed.R.Evid. 402. Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

would be without the evidence." Fed.R.Evid. 401.

The federal rules of evidence generally allow for the admission of photographs, assuming a proper showing of foundation. <u>Navarro de Cosme v. Hospital Pavia</u>, 922 F.2d 926, 931 (1st Cir. 1991). Furthermore, as stated by the Eighth Circuit Court of Appeals, as a general rule "the balance should be struck in favor of admission." <u>Block v. R.H. Macy & Co., Inc.</u>, 712 F.2d 1241, 1244 (8th Cir. 1983). Photographs may be excluded, however, if their "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Therefore, Rule 403 requires the court to balance the probative value of the evidence against the harm that is likely to result from its admission. Within this context, unfair prejudice "'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" <u>Block</u>, 712 F.2d at 1244 (quoting Fed.R.Evid. 403 advisory committee's note).

In the present case, the facts and circumstances of the incident dictate that the photographs be excluded. The plaintiff was suspected of being an individual involved in a domestic dispute who was armed with a firearm. Prior to being taken into custody, the plaintiff was surrounded by a number of police officers. The entire incident took place late at night, illuminated by police cruiser headlights. The photographs proposed by the plaintiff are taken during the daytime and were not taken from positions where the defendant police officers were located during the subject incident. The crux of the plaintiff's claim questions the judgment of the officers under the circumstances then and there existing. It would be improper and prejudicial for the plaintiff to introduce these

photographs as it would be too easy for the jury to confuse the vantage point displayed in those photos from the actual vantage points where the defendant officers viewed the plaintiff, his actions and the threat they perceived given his non-compliance with their commands. The differing vantage point and absence of similar lighting conditions – critically important given the time this incident occurred – after midnight. The court's observations in Block, supra, are worth repeating: unfair prejudice "'means an undue tendency to suggest decision on an improper basis.'" Block, 712 F.2d at 1244 (quoting Fed.R.Evid. 403 advisory committee's note). The differing vantage point along with the radically different lighting conditions could lead the jury to make decisions about the photograph evidence of the subject area on an improper basis, that is, the officers should have or could have observe something that, under the actual conditions, they did not. Because the photographs do not depict the same view available to the defendants under the same lighting conditions, the photos are not relevant, are unduly prejudicial, and should not be viewed by the jury.

WHEREFORE, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, prays that the Court will enter an order, in limine, and preclude the introduction of the photographs of the subject area as identified in item #7 of the plaintiff's proposed exhibits.

DEFENDANT,
OFFICER TOKARZ #LC43, FROM
WOODBURY RESIDENT TROOPERS

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 14th day of June 2004.

Tavis O. Tindall, Esquire
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT 06722

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Stephen R. Sarnoski, Esquire
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

/s/ John J. Radshaw, III
John J. Radshaw, III

4