UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER KELEMENCKY | : | NO.: 3:01 CV 1811 (SRU) |
| | : | |
| v. | : | |
| | : | |
| STATE TROOPER CUSATO #1090; STATE | : | |
| TROOPER LUKIENCHUK #573; STATE | : | |
| TROOPER DESOUSA #1113; STATE | : | |
| TROOPER PANDISCIA #559; STATE | : | |
| TROOPER BLAKE #1338; SERGEANT | : | |
| TROOPER DOLAN #268, ALL FROM | : | |
| CONNECTICUT STATE TROOPERS | : | |
| TROOP L LITCHFIELD; SERGEANT | : | |
| WILDMAN #207, FROM MIDDLEBURY | : | |
| POLICE DEPARTMENT; OFFICER | : | |
| TOKARZ #LC43, FROM WOODBURY | : | |
| RESIDENT TROOPERS | : | JUNE 11, 2004 |

**MOTION IN LIMINE
RE TESTIMONY OF ATTORNEY MINELLA CONCERNING
PLAINTIFF'S UNDERLYING CRIMINAL CASE**

Pursuant to Fed.R.Evid. 403 & 702, the defendant, OFFICER TOKARZ #LC43,

FROM WOODBURY RESIDENT TROOPERS, hereby moves for an order, in limine,

and respectfully requests that the court preclude any testimony by Attorney Martin

Minella concerning legal fees charged in underlying criminal case, the scope and nature

of his representation of the plaintiff, the emotional effect of the underlying prosecution

on the plaintiff, "what the plaintiff endured" at trial and other court appearances and how

the entire matter affected the plaintiff's family. All of these subjects offered by the

plaintiff must be precluded as they are irrelevant and prejudicial to the defendants as

the witness is counsel for the plaintiff. To have Attorney Minella testify about the

plaintiff's emotional state is improper bolstering, unduly prejudicial and should be

rejected.

D.Conn.L.R. 83.13 expressly prohibits counsel as witness except in very limited situations. None are present here. D.Conn.L.R. 83.13(a) allows testimony in three circumstances that will not result in the disqualification of that lawyer and that law firm. These circumstances are as follows: (1) the testimony will relate solely to an uncontested matter; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony will relate solely to the nature and value of the legal services rendered in the case by the lawyer or the law firm to the client. See D.Conn.L.R. 83.13(a).

Taking each subject area in turn, none fall within the exceptions enumerated in D.Conn.L.R. 83.13(a). The legal fees charged in prior criminal case, the scope and nature of his representation of the plaintiff, the emotional effect of the underlying prosecution on the plaintiff, "what the plaintiff endured" at trial and other court appearances and how the entire matter affected the plaintiff's family are not uncontested, are not matters of formality, and substantial evidence will be offered in opposition. Indeed, the defendants reject that the plaintiff was maliciously prosecuted, leaving the issue of the expenditure of attorney's fees to his own discretion. The defendants dispute the plaintiff's "emotional" injuries and no member of his family is a plaintiff. It is one thing to have an advocate on the behalf of the plaintiff, but for a member of his firm to take the witness stand is quite another. The fees and scope of representation in the prior criminal case is not "solely to the nature and value of the legal services rendered *in the case* by the lawyer or the law firm to the client."

2

(emphasis added). The highlighted section pertains to the present civil action, not some prior state court action. In fact, had Attorney Minella contemplated the present lawsuit and thought he might have been a witness, he and his law firm should have refused representation. D.Conn.L.R. 83.13(a). The defendants are not asking that Attorney Minella's firm be disqualified at this late date. See D.Conn.L.R. 83.13(b), (c). To have Attorney Minella testify about the plaintiff's emotional state is improper bolstering, unduly prejudicial and should be rejected.

WHEREFORE, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, prays the court will enter an order, in limine, precluding any testimony by Attorney Martin Minella concerning legal fees charged in underlying criminal case, the scope and nature of his representation of the plaintiff, the emotional effect of the underlying prosecution on the plaintiff, "what the plaintiff endured" at trial and other court appearances and how the entire matter affected the plaintiff's family.

DEFENDANT,
OFFICER TOKARZ #LC43, FROM
WOODBURY RESIDENT TROOPERS

John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

3

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 14th day of June 2004.

Tavis O. Tindall, Esquire
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT 06722

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Stephen R. Sarnoski, Esquire
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

_____
John J. Radshaw, III