**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PETER KELEMENCKY | : NO.: 3:01 CV 1811 (SRU) |
| v. | : |
| STATE TROOPER CUSATO #1090; STATE TROOPER LUKIENCHUK #573; STATE TROOPER DESOUSA #1113; STATE TROOPER PANDISCIA #559; STATE TROOPER BLAKE #1338; SERGEANT TROOPER DOLAN #268, ALL FROM CONNECTICUT STATE TROOPERS TROOP L LITCHFIELD; SERGEANT WILDMAN #207, FROM MIDDLEBURY POLICE DEPARTMENT; OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS | : : : : : : : : : : : : : JUNE 11, 2004 |

**MOTION IN LIMINE**
**RE PLAINTIFF'S LOST WAGES, EARNINGS OR EARNING CAPACITY**

Pursuant to Fed.R.Evid. 702 and Fed.R.Civ.P. 26 & 37, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, hereby moves for an order, in limine, and respectfully requests that the court preclude the introduction any testimony by the plaintiff or any witness on behalf of the plaintiff concerning the plaintiff's claimed lost wages, earnings or earning capacity as a result of the subject incident. Despite the service of interrogatories and requests for production, the plaintiff has failed to disclose any meaningful documents concerning his lost wages, earnings or items which might substantiate his earning capacity subsequent to the incident that forms the subject matter of his complaint. On that basis, the evidence must be excluded. Moreover, the calculation of either the plaintiff's lost earnings or earning

capacity requires the specialized knowledge of an expert. None has been disclosed pursuant to Fed.R.Civ.P. 26. Therefore, Fed.R.Evid. 702 operates to preclude this testimony.

The plaintiff owns a gas station and automotive repair business in Woodbury, CT. He operates this business as a sole proprietor. He claims that he has lost wages, earnings and earning capacity as a result of the injuries sustained in the subject incident. He claims that he was required to hire an additional employee to address the work that he was unable to complete. Based on his disclosures, he has not filed tax returns, at least not from 2001 to present and perhaps not from 1998.

Any testimony concerning lost wages, earnings and earnings capacity must be excluded. The plaintiff has not disclosed in the course of discovery any meaningful evidence to support these claims. Plaintiff has not disclosed sufficient documents of pre-incident earnings or post-incident earnings so no comparison may be made. Given his status as a sole proprietor, calculating the plaintiff's losses is not as simple as looking at a paycheck of the typical salaried employee. Rather, the examination of the plaintiff's business requires expert testimony. No such expert has been disclosed. Without such meaningful disclosure and without such an expert, testimony in this regard must be precluded.

WHEREFORE, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, prays that the court will enter an order, in limine, and preclude the introduction any testimony by the plaintiff or any witness on behalf of the plaintiff concerning the plaintiff's claimed lost wages, earnings or earning capacity as a result of the subject incident.

DEFENDANT,
OFFICER TOKARZ #LC43, FROM
WOODBURY RESIDENT TROOPERS

_____
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 14th day of June 2004.

Tavis O. Tindall, Esquire
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT 06722

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Stephen R. Sarnoski, Esquire
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

_____
John J. Radshaw, III

3