UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER KELEMENCKY | : NO.: 3:01 CV 1811 (SRU) |
| v. | : |
| STATE TROOPER CUSATO #1090; STATE TROOPER LUKIENCHUK #573; STATE TROOPER DESOUSA #1113; STATE TROOPER PANDISCIA #559; STATE TROOPER BLAKE #1338; SERGEANT TROOPER DOLAN #268, ALL FROM CONNECTICUT STATE TROOPERS TROOP L LITCHFIELD; SERGEANT WILDMAN #207, FROM MIDDLEBURY POLICE DEPARTMENT; OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS | : |
| | : JUNE 11, 2004 |

**MOTION IN LIMINE**
**RE PHOTOGRAPHS OF PLAINTIFF'S "TRUCK", COMPARATIVE "TRUCKS"**
**AND "VEHICLE MANUALS"**

Pursuant to Fed.R.Evid. 403 and Fd.R.Civ.P. 26 & 37, the defendant, OFFICER TOKARZ #LC43, FROM WOODBURY RESIDENT TROOPERS, hereby moves for an order, in limine, and respectfully requests that the court preclude the introduction of photographs of the plaintiff's "truck," comparable "trucks," and "vehicle manuals." Because the photographs do not depict the same vehicles viewed by the defendants under the same lighting conditions, the photos are not relevant, are unduly prejudicial, and should not be viewed by the jury. Similarly, "vehicle manuals," never disclosed in the course of discovery, are irrelevant and should be precluded.

Generally, all relevant evidence is admissible at trial. Fed.R.Evid. 402. Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. The federal rules of evidence generally allow for the admission of photographs, assuming a proper showing of foundation. Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 931 (1st Cir. 1991). Furthermore, as stated by the Eighth Circuit Court of Appeals, as a general rule "the balance should be struck in favor of admission." Block v. R.H. Macy & Co., Inc., 712 F.2d 1241, 1244 (8th Cir. 1983). Photographs may be excluded, however, if their "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Therefore, Rule 403 requires the court to balance the probative value of the evidence against the harm that is likely to result from its admission. Within this context, unfair prejudice "'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" Block, 712 F.2d at 1244 (quoting Fed.R.Evid. 403 advisory committee's note).

As to the photos of the plaintiff's "truck," this photograph should be precluded as it was not taken under similar conditions as faced the defendants on the night in question. Additionally, it does not take into consideration the vantage points of the defendants when they actually viewed the plaintiff's vehicle. Photographs of other "comparable trucks" should be similarly excluded. The conditions of the night in question, dim illumination on a dark street past midnight, as compared with the photographs taken in broad daylight are remarkably different. If the jury is permitted to see these photographs, the effect of the photographs may, in the cautions of Block,

2

*supra*, cause unfair prejudice "suggest[ing] a decision on an improper basis.'" Block, 712 F.2d at 1244 (quoting Fed.R.Evid. 403 advisory committee's note). An improper basis, for example, would be the conclusion by the jury that the defendant officers saw something they did not by referencing the photographs taken under vastly different conditions.

Additionally, the photographs of "comparable trucks" are irrelevant to any inquiry in this case. What other "trucks" look like, without more, is irrelevant. Such items have not been disclosed in the course of discovery. Because they have not been disclosed, these photographs should be precluded.

This argument extends to "vehicle manuals" offered by the plaintiff. These items were never disclosed during the course of discovery and therefore should be precluded. Any evidence from unidentified "vehicle manuals," even if reference were made to make, model or year, are wholly and totally irrelevant. This lawsuit is about what occurred on the evening of October 10-11, 1999 during the investigative detention of the plaintiff and his subsequent arrest, not on the peak operating temperature, fuel capacity, or towing instructions of some generic, heretofore unidentified "truck." Moreover, there is no indication what sort of manuals are referenced – owner's manuals, repair manuals, etc. Accordingly, these materials must be excluded.

WHEREFORE, the defendant prays the court will enter an order, in limine, and preclude the introduction of photographs of the plaintiff's "truck," comparable "trucks," and "vehicle manuals."

DEFENDANT,
OFFICER TOKARZ #LC43, FROM
WOODBURY RESIDENT TROOPERS

_____
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 14th day of June 2004.

Tavis O. Tindall, Esquire
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT 06722

James N. Tallberg, Esquire
Matthew Freimuth, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Stephen R. Sarnoski, Esquire
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

_____
John J. Radshaw, III