FILED

2004 JUN 17 A 11: 36

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER KELEMENCKY, <br>     PLAINTIFF | : <br> : <br> :    CIVIL ACTION NO.: V <br> : <br> :    3:01-CV-01811 (SRU) <br> : |
| STATE TROOPER CUSATO #1090; <br> ET AL., <br>     DEFENDANTS | : <br> : <br> : <br> :    JUNE 9, 2004 |

### PLAINTIFF'S MOTION IN LIMINE

The Plaintiff, Peter Kelemencky, pursuant to Federal Rules of Evidence 401, 403, 404 (b), 608 and 702 hereby moves this Court to enjoin the Defendants from referring to or mentioning, via testimony, exhibits, arguments or inferences, the following:

(1) Plaintiff's alleged refusal to take a blood/alcohol breathalyzer test or urine test and any inferences that may be drawn from his refusal;

(2) Plaintiff's prior arrests and incidents with police or prior litigation with police;

(3) Officers statements opinions that Plaintiff was intoxicated, drunk or "blotto";

(4) Observations and/or statements that there were bottles and cans of beer in Plaintiff's vehicle.

(5) Payments made by Plaintiff's health insurance company for Plaintiff's medical bills.

Evidence relating to Plaintiff's refusal to take a blood/alcohol breathalyzer test

and any inferences that may be drawn from his refusal would cause undue prejudice and is irrelevant under Rules 401 and 403 of the Federal Rules of Evidence.

Evidence relating to Plaintiff's prior arrests and incidents with the police is inadmissible under Rule 608, 401, 403 and 404 (b) of the Federal Rules of Evidence as inadmissible propensity character evidence.

Evidence relating to defendant officers' statements that plaintiff was intoxicated, drunk or "blotto" is inadmissible pursuant to Rule 702 of the Federal Rules of Evidence because the officers' opinion were based solely on their observations of the Plaintiff and because a jury will be capable of understanding and deciding Plaintiff's level of intoxication without the officers' opinions on an ultimate issue in this case. Further, no defendant officer has been disclosed as an expert witness.

Evidence relating to Defendants' statements and observations that there were bottles and/or cans of beer in Plaintiff's vehicle would cause undue prejudice and is irrelevant under Rules 401, 403 and 404 (b) of the Federal Rules of Evidence.

Evidence concerning payments made by Plaintiff's health insurance company of his medical bills would be prejudicial and should be reserved for post trial proceedings.

For the foregoing reasons, the Plaintiff respectfully moves the Court to grant the foregoing Motion In Limine in its entirety.

A Memorandum in Support of this Motion is attached hereto.

Peter Kelemencky, Plaintiff


By: _____
Tavis Tindall
Federal Bar Number: ct 18892
Moynahan, Minnella, & Tindall
141 East Main St., P.O. Box 2242
Waterbury, CT 06722-2242
(203) 573-1411

## **CERTIFICATION**

This is to certify that this original document will be filed with the court at the time the Joint Trial Memorandum is filed and a copy of the foregoing was mailed, postage prepaid, via U.S. Mail to the following counsel of record on the 9th day of June, 2004:

John J. Radshaw III, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Stephen R. Sarnoski
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

James Talberg, Esq.
Updike, Kelly & Spellacy
1 State Street, P.O. Box 231277
Hartford, CT 06123-1277

_____
Tavis Tindall