FILED

2004 JUN 17  A 11: 36

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

PETER KELEMENCKY,                     :
        PLAINTIFF              :
                               :  CIVIL ACTION NO.: V
                               :
                               :  3:01-CV-01811 (SRU)
                               :
STATE TROOPER CUSATO #1090;           :
ET AL.,                               :
        DEFENDANTS             :
                               :  JUNE 9, 2004
                               :

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**

**I.    INTRODUCTION**

    This Memorandum of Law is respectfully submitted in support of Plaintiff, Peter

Kelemencky's Motion In Limine pursuant to Rules 401, 403, 404 (b), 608 and 702 of the

Federal Rules of Evidence for an order:

    (1) Prohibiting Defendants from, in the presence of the jury, offering or soliciting any

        evidence or testimony, or making any statements regarding Plaintiff's alleged refusal

        to take a blood/alcohol breathalyzer test or urine test and any inferences that may be

        drawn from his alleged refusal;

    (2) Prohibiting Defendants from, in the presence of the jury, offering or soliciting any

        evidence or testimony, or making any statements regarding Plaintiff's prior arrests

        and prior incidents involving the police or prior litigation against the police;

(3) Prohibiting Defendants from, in the presence of the jury, offering or soliciting any evidence or testimony regarding any officers comments that Plaintiff was intoxicated, drunk or "blotto";

(4) Prohibiting Defendants from, in the presence of the jury, offering or soliciting any evidence or testimony, or making any statements regarding Defendants' observations and/or statements that there were bottles and cans of beer in Plaintiff's vehicle;

(5) Prohibiting Defendants from, in the presence of the jury, offering any evidence or testimony, or making any statements concerning health insurance payments made for Plaintiff's medical bills.

## II.    ARGUMENT

### A. Evidence of Plaintiff's refusal to take a blood/alcohol breathalyzer test and any inferences which can be drawn from his refusal is irrelevant and would cause undue prejudice and confusion of issues and is thus inadmissible under Rules 401 and 403 of the Federal Rules of Evidence.

Federal Rules of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In his Complaint, Kelemencky asserts claims against the Defendants under the Fourth Amendment of the U.S. Constitution (false arrest, excessive force, malicious prosecution and abuse of process without any legal justification) and under state and common law (abuse of process, malicious prosecution, intentional infliction of emotional distress). Any evidence that Defendants seek to admit regarding Plaintiff's alleged refusal to take a blood/alcohol breathalyzer test or urine test is

not relevant. In particular, the evidence does not make it more or less probable that Defendant's had probable cause for wrongfully arresting Plaintiff.

Even if the Court deems relevant evidence of Plaintiff's refusal to take said tests, its probative value is far outweighed by prejudice to the Plaintiff. Federal Rules of Evidence 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Any claimed probative value of the evidence that Defendants seek to admit regarding the Plaintiff's refusal to take a blood/alcohol breathalyzer test or urine test is far outweighed by the undue prejudice it would cause Kelemencky in this proceeding. By admitting evidence of Kelemencky's refusal to take the tests, the jury may view him in a less favorable light. For example, the jury may wrongfully draw an improper inference that he does not comply with the requests of authority. Such a perception may cloud the jury's ultimate view of whether the Plaintiff should prevail. The jury may also wrongfully infer from Plaintiff's refusal to take a blood/alcohol breathalyzer that he had something to hide, i.e., that he was drunk when the evidence shows he was not. Plaintiff may have refused the tests out of distrust that said test would be administered unfairly, considering the unlawful conduct he had witnessed at the hands of the officers at the scene of the incident. Such an inference will only distract the jury from issues central to the case, and provide them with an unsubstantiated and untruthful conclusion.

Based on the foregoing, Kelemencky's alleged refusal to take a blood/alcohol breathalyzer test or urine test should not be admitted into evidence pursuant to Rules 401 and 403.

**B.    Evidence of Plaintiff's two prior arrests and prior incidents with the police is inadmissible under Rule 608 and Rule 404 (b) of the Federal Rules of Evidence.**

Rule 608(a) provides "The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness , and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Rule 608(b) provides "Specific instances of the conduct of a witness, for the purposes of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. "

Courts have consistently held that cross-examination of a witnesses concerning previous conduct which did not result in conviction should not be allowed since the proposed questioning is not relevant to the witness' veracity and honesty and is highly prejudicial.  <u>Sabir v. Jowett</u>, 143 F.Supp. 2d 217 (2001).  See also <u>United States v. Schwab</u>, 886 F2d 509 (1989 CA2, NY), where

cross-examination of defendant concerning a 18 year old tax charge of which he was acquitted was improper because prosecution had no information to indicate that defendant was guilty of prior misconduct.

In <u>Sabir</u>, the court noted that the first step in a Rule 608(b) analysis is whether the specific conduct is probative of the witness' character for truthfulness or untruthfulness. The court must then determine, under Rule 403, whether the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

In <u>Sabir</u>, the defendant was charged with failure to follow administrative procedures and misappropriation of money or theft of property. The court concluded that (1) as to the charge of failure to follow administrative procedures, it was not probative of truthfulness or untruthfulness and thus was not a proper subject for inquiry on cross-examination under Rule 608(b); and (2) although the charges of misappropriation of money or theft of property related to the defendant's character for truthfulness or untruthfulness, any probative value that cross-examination on this conduct might have was substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury since the defendant was exonerated on those charges. Id.

In the present case, Kelemencky has prior wrongful arrests. These prior incidents with the police are not probative of his character for truthfulness or untruthfulness and thus are not admissible under Rule 608(b). However, even if these arrests did relate to his character for truthfulness or untruthfulness, they would not be admissible. Kelemencky was never convicted of any crime arising from these arrests. In fact the charges in both instances were dismissed. Pursuant to the <u>Sabir</u> decision, where the witness has been exonerated on charges, any probative

value which may be elicited on cross-examination on the conduct is substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury.

Rule 404(b) provides that "Evidence of other crime, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

Kelemencky has had prior arrests and incidents involving the police. The Defendants likely will allege that these prior arrests/incidents with the police provide evidence that Kelemencky has a propensity to disobey the orders of authority and that on the night of October 10, 1999, he acted in conformity with this propensity to disobey the orders of authority. However, Rule 404(b) makes clear that evidence of Kelemencky's prior arrests is not admissible to prove that, on October 10, 1999, he acted in conformity with his alleged character of disobeying authority. As such, evidence of Kelemencky's prior arrests/incidents with the police are inadmissible under Rule 404(b) of the Rules of Federal Evidence.

Based on the foregoing, Kelemencky's prior arrests, incidents involving the police and prior litigation with the police should not be admitted into evidence pursuant to Rule 608.

**C.    Officers' statements that the Plaintiff was intoxicated, drunk or "blotto" are inadmissible pursuant to Rule 702 because a jury will be capable of understanding and deciding Plaintiff's level of intoxication without the officers' opinion. Further,**

**the statement should be excluded given that officers' opinions were based solely on their observations of Kelemencky.**

Rule 702 provides that "if scientific, technical or other specialized knowledge will assist the truer of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise." "For an expert's testimony to be admissible under this rule, however, it must be directed to matters within the witness' scientific, technical, or specialized knowledge and not to lay matters which a jury is capable of understanding and deciding without the expert's help." Andrews v. Metro N. Commuter R.R., 882 F.2d 705, 706 (2d Cir. 1989). "Expert opinion on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value. On the other hand, the risk of unfair prejudice is real. By appearing to put the expert's stamp of approval on ... a theory, such testimony might unduly influence the jury's own assessment of the inference that is being urged." New Colt Holding Corp. et al. v. RJG Holdings of Florida, Inc., 2003 U.S. Dist. LEXIS 25309, citing United States v. Gonzalez-Maldonado, 115 F.3d 9, 18 (1st Cir. 1997).

Defendant officers formulated an opinion that the Plaintiff was intoxicated based solely on observing the Plaintiff. The officers did not utilize any specialized knowledge and/or training to formulate this opinion. Observing the actions of another and formulating an opinion based on those actions "does not appear to involve the sort of specialized knowledge that would be incomprehensible absent expert opinions." New Colt Holding Corp. et al. v. RJG Holdings of Florida, Inc., 2003 U.S. Dist. LEXIS 25309, 7.

In State v. McNally IV, 39 Conn. App. 419 (1996), the defendant asserted that he, as a police officer, should have been allowed to give his expert testimony regarding the intoxication of the victim at the time of the incident. The Supreme Court ultimately disagreed with the defendant's position. Although the court noted that in State v. Lamme, 19 Conn. App. 594 (1989), a police officer's expert opinion regarding intoxication was ruled admissible evidence, the McNally facts were distinguishable from Lamme. In Lamme, the officer's opinion was based on field sobriety tests and the officer's interpretation of those tests. In McNally, the witness did not conduct field sobriety tests but rather relied solely on his observation of the victim and his companions to formulate his opinion. As such, the court determined that his testimony should be excluded.

In the criminal case of State v. Kelemencky, officers testified that Kelemencky was intoxicated based solely on observations and not on an interpretation of sobriety tests. A jury can determine if Kelemencky's was intoxicated without the officers opinion by weighing the evidence presented regarding Plaintiff's appearance and conduct. The defendant officers' testimony was an attempt to put the "gloss of expertise"…upon inferences which lay persons were equally capable of drawing from the evidence" State v. Kemp, 199 Conn. 473, 478-9 (1986). Further, none of the defendant officers have been disclosed as expert witnesses in this matter. As such, the evidence must be precluded on that basis as well.

Based on the foregoing, any prior or new testimony from the officers that the Plaintiff was intoxicated, drunk, and "blotto" or the like should not be admitted into evidence.

**D.    Evidence of any statements and/or observations that there were bottles and/or cans of beer in Kelemencky's car is inadmissible under Rules 401 and Rules 403 of the Federal Rules of Evidence.**

Federal Rules of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Some of the defendant officers allegedly observed old bottles/cans of beer in Kelemencky's car on the night of the incident.  Any evidence regarding this observation is not relevant to the present case.  In particular, whether or not there were old bottles/cans of beer in Kelemencky's car does not make it more or less probable that the defendants had probable cause to arrest plaintiff for driving while intoxicated.

Even if the Court deems relevant the officers' statements that there were bottles/cans of beer in Kelemencky's car, the probative value of this evidence is far outweighed by prejudice to the plaintiff.  Federal Rules of Evidence 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The evidence of the presence of old bottles/cans of beer in Kelemencky's vehicle will have a highly prejudicial effect and will distract the jury from issues central to the case.  The mention of alcohol use or possession may arouse improper and unfounded ideas and suspicions of Kelemencky's character to drink and drive in the past.  This would constitute inadmissible propensity character evidence in violation of Federal Rules of Evidence 404(b).

Further, such ideas and suspicions can be greatly exaggerated and will be based on facts not in evidence. It is likely that these bottles and cans allegedly found in his vehicle fell out of a bag of recyclables. The mere mention of old alcohol bottles and cans may incite predetermined notions in the jury and will unfairly prejudice the Plaintiff. Just because someone allegedly has old bottles and cans of alcohol in his or her vehicle does not mean that they drink and drive, do not drink responsibly or are a "drunk." Unfortunately, this is the prejudicial inference that will likely be drawn from testimony regarding old cans/bottles of beer, if such evidence is allowed.

Based on the foregoing, any statements, observations, etc. regarding bottles/cans of beer found in Kelemencky's car should not be admitted into evidence pursuant to Rules 401, 403 and 404 (b).

**E. Evidence of payments made on Plaintiff's medical bills by his health insurance company should be inadmissible due to its prejudicial effect, and should only be considered after the trial.**

Plaintiff also requests an order from the court prohibiting the introduction of any evidence concerning insurance payments made of Plaintiff's medical bills by his health insurance company. Pursuant to Rule 403, such evidence will have a prejudicial effect upon Plaintiff, possibly leading the jury to believe that he has already received full reimbursement of his damages. This type of evidence is more appropriate in post trial proceedings.

## III.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully request that his Motion in Limine be granted in all respects.


Peter Kelemencky, Plaintiff


By: _____
Tavis Tindall
Federal Bar Number: ct 18892
Moynahan, Minnella, & Tindall
141 East Main St., P.O. Box 2242
Waterbury, CT 06722-2242
(203) 573-1411

**CERTIFICATION**

This is to certify that this original document will be filed with the court at the time the Joint Trial Memorandum is filed and a copy of the foregoing was mailed, postage prepaid, via U.S. Mail to the following counsel of record on the 9th day of June, 2004:

John J. Radshaw III, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Stephen R. Sarnoski
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

James Talberg, Esq.
Updike, Kelly & Spellacy
1 State Street, P.O. Box 231277
Hartford, CT 06123-1277

Tavis Tindall