UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER KELEMENCKY, | : | NO. 3:01CV-1811(SRU) |
| *plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| STATE TROOPER CUSATO, *et al.,* | : | |
| *defendants.* | : | JUNE 17, 2004 |

## STATE DEFENDANTS' OBJECTION TO
## PLAINTIFF'S MOTION IN LIMINE

The State Police defendants hereby object to the plaintiff's Motion in Limine dated June 9, 2004 for the following reasons:

**A. Evidence of Plaintiff's refusal to take a blood/alcohol breathalyzer test and any inferences which can be drawn from his refusal is irrelevant and would cause undue prejudice and confusion of issues and is thus inadmissible under Rules 401 and 403 of the federal Rules of Evidence.**

The State police defendants emphatically disagree with the plaintiff's assessment of this evidence. One of the central issues in this case is the question of whether probable cause existed to support the plaintiff's arrest for driving while under the influence of alcohol. Another important issue is the plaintiff's veracity in the course of his courtroom testimony. It is expected that the plaintiff will deny having been under the influence of alcohol at the time he was stopped by the police, and that he had merely consumed the legendary "two beers" at a party earlier that same evening -- as he did in sworn testimony during the course of his deposition. As such, the defendants will seek to introduce evidence that the plaintiff refused to take a standard breathalyzer test following his arrest -- a test which would have, presumably, corroborated his claim of sobriety. The defendants will, of course, then ask the jury to infer from the plaintiff's refusal to take this test that he knew the result would serve to confirm that he was, in fact,

intoxicated, despite his claims to the contrary. Such evidence, along with the proposed inference, is well-accepted in Connecticut jurisprudence in cases of this sort. *See, e.g. State v. McCarthy,* 63 Conn. App. 433, 775 A.2d 1013 (2001). The refusal to submit to a reliable test which would independently verify the plaintiff's blood alcohol level, and which would have provided virtually irrefutable evidence of his level of intoxication, if any, is certainly admissible to prove the plaintiff's consciousness of guilt, and to support an inference that his claim of sobriety is an untrustworthy one. While the jury may certainly view the plaintiff in a less favorable light as a result of this evidence, admission of the fact that the plaintiff refused to take a standard blood alcohol test upon being arrested for driving while under the influence of alcohol is not the sort of unfairly prejudicial evidence contemplated by F.R.E. Rule 403. This evidence is, therefore, properly admissible.

**B. Evidence of Plaintiff's two prior arrests and prior incidents with the police is inadmissible under Rule 608 and Rule 404(b) of the Federal Rules of Evidence.**

The State Police defendants do not intend to inquire concerning the plaintiff's prior arrests unless the plaintiff first testifies in a manner inconsistent with the known facts. Should he do so, the defendants would address the subject matter so as to impeach his testimony and for no other purpose.

**C. Officers' statements that the plaintiff was intoxicated, drunk, or "blotto" are inadmissible pursuant to Rule 702 because a jury will be capable of understanding and deciding Plaintiff's level of intoxication without the officers' opinion. Further, the statement should be excluded given that the officers' opinions were based solely on their observations of Kelemencky.**

The plaintiff's position on this subject is nothing short of absurd. Again, a central issue in this case is the question of whether the plaintiff was, in fact, intoxicated at the time of his arrest. The plaintiff is fully expected to testify that he was not. Accordingly, it is perfectly

2

permissible for the police witnesses to testify not only as to their observations of the plaintiff's conduct, but also as to their conclusion that he was, in fact, intoxicated. Indeed, their testimony in this regard goes to the very heart of the probable cause issue. As before, Connecticut jurisprudence has long recognized that, because of their training and experience, police officers are uniquely qualified to render such opinions concerning whether a suspect encountered on the street is intoxicated. *See, e.g., State v. Pjura,* 68 Conn. App. 119; 789 A.2d 1124 (2002). Clearly, the opinion of a trained police officer as to whether, based upon their interaction with the subject, he was intoxicated is both relevant and helpful to the jury. Moreover, the opinion formed the basis upon which the officers relied in arresting the plaintiff for operating his vehicle under the influence of alcohol. This very decision on the part of the officers is the basis for the plaintiff's false arrest claim. As such, the testimony of the officers as to their conclusion that the plaintiff was intoxicated is admissible.

**D. Evidence of any statements and/or observations that there were bottles and/or cans of beer in Kelemencky's car is inadmissible under Rules 401 and Rules 403 of the federal Rules of Evidence.**

Any evidence upon which the defendants relied in formulating probable cause to believe that the plaintiff was operating his vehicle while under the influence of alcohol is patently admissible where the plaintiff claims that he was falsely arrested for this offense. The presence of empty bottles or cans of beer support the inference that the plaintiff was recently drinking from them. This inference is greatly strengthened by the fact that the bottles and/or cans in question contained residue, or that the containers were still cold and had condensation on the outside. Again, while such evidence may indeed be prejudicial to the plaintiff's claim that he had not been drinking and was not intoxicated, it is clearly relevant to this central question, and

is not so unfairly prejudicial as to warrant its exclusion. Rather than distract the jury from the central issues of the case, this evidence would address the central issues and aid the jury in making an informed decision as to whether the defendants possessed probable cause to arrest the plaintiff for the offense of driving under the influence of alcohol. Accordingly, the questioned evidence is admissible.

**E. Evidence of payments made on Plaintiff's medical bills by his health insurance company should be inadmissible due to its prejudicial effect, and should only be considered after the trial.**

The State Police defendants do not intend to address this evidence during the trial unless the plaintiff falsely claims in his testimony, or through the submission of exhibits, that he seeks to recover for out-of-pocket expenses which he did not, in fact, pay. In this case, testimony concerning how and by whom the bills were actually paid would be relevant to the plaintiff's veracity. Should the plaintiff choose to open this door, the defendants would address the subject matter so as to impeach his testimony and for no other purpose.

DEFENDANTS
Joseph Cusato, Paul Lukienchuk, Jason DeSousa, David Pandiscia, Thomas Blake, and James Dolan

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By: __/s/_____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut  06105
Tel. (860) 808-5450
Federal bar #ct05129
E-mail:  stephen.sarnoski@po.state.ct.us

## **CERTIFICATION**

This is to certify that a copy of the foregoing Motion was mailed, first-class, postage pre-paid, to all pro se parties and/or counsel of record on this the _____ day of _____, 2004.

>Timothy Moynahan, Esq.
>Tavis Tindall, Esq.
>Moynahan, Ruskin, Mascolo & Minnella
>141 East Main Street
>P.O. Box 2242
>Waterbury, Connecticut 06722-2242
>
>John J. Radshaw, III, Esq.
>Howd & Ludorf
>65 Wethersfield Avenue
>Hartford, Connecticut 06114-1190
>
>James Tallberg, Esq.
>Updike, Kelly & Spellacy
>One State Street
>Hartford, Connecticut 06103

 ____/s/_____
 Stephen R. Sarnoski
 Assistant Attorney General