FILED

2004 JUN 25  P 12: 00

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PETER KELEMENCKY | : | NO.   3:01 CV 1811 (SRU) |
| | : | |
| V. | : | |
| | : | |
| STATE TROOPER CUSATO #1090; STATE | : | |
| TROOPER LUKIENCHUCK #573; STATE | : | |
| TROOPER DESOUSA #1113; STATE | : | |
| TROOPER PANDISCIA #559; STATE | : | |
| TROOPER BLAKE #1338; SERGEANT | : | |
| TROOPER DOLAN #268; ALL FROM | : | |
| CONNECTICUT STATE TROOPERS | : | |
| TROOP LITCHFIELD; SERGEANT | : | |
| WILDMAN #207, FROM MIDDLEBURY | : | |
| POLICE DEPARTMENT; OFFICER | : | |
| TOKARZ #LC43, FROM MIDDLEBURY | : | |
| RESIDENT TROOPER | : | |
| | : | |
| | : | JUNE 23, 2004 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT TOKARZ'S**
**MOTIONS IN LIMINE**

1.    **RE: TESTIMONY OF ATTORNEY MINNELLA CONCERNING LEGAL**
     **FEES IN UNDERLYING CRIMINAL CASE AND GENERALLY**
     **CONCERNING PLAINTIFF'S UNDERLYING CRIMINAL CASE**

     The Plaintiff objects to defendant's motion in limine and requests that the court allow

testimony by Attorney Minnella concerning the legal fees in plaintiff's underlying criminal case

and generally concerning plaintiff's underlying criminal case.  Defendant also seeks a Motion in

Limine regarding the use of an expert to testify concerning the reasonableness of the criminal

legal fee charged the Plaintiff.

D. Conn. L.R. 83.13 allows testimony of a lawyer as a witness in three circumstances: (1) where the testimony will relate solely to an uncontested matter (2) where the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony (3) where the testimony will relate solely to the nature and value of the legal services rendered in the case by the lawyer or law firm to the client.

Attorney Minnella represented Peter Kelemencky in his criminal trial. As such, Attorney Minnella is best qualified to testify as to the legal fees that were incurred by Mr. Kelemencky in the course of his representation and as to the nature of the representation. Although courts disapprove of an attorney testifying at a proceeding in which they are representing one of the parties, this case does not present such a problem. Bradford v. Blum, 507 F.Supp. 526. Attorney Minnella represented the plaintiff in his underlying criminal case, but he is not personally handling the representation in this present civil matter.

Although the defendant claims that the issue of what plaintiff spent on attorneys fees was not disclosed prior to the present time, the defendant questioned the plaintiff about these legal fees at his September 24, 2002 deposition. Thus, the defendant cannot claim that he has been ambushed with this proffered testimony through the joint trial memorandum.

The defendant has also moved for an order in limine regarding any testimony by Attorney Minnella concerning the emotional effect of the underlying prosecution on the plaintiff, what the plaintiff endured at trial and other court appearances and how the matter affected the plaintiff's family.

If Attorney Minnella is called as a witness to testify about what the plaintiff endured at trial, such testimony would not constitute improper bolstering. Attorney Minnella had an opportunity to interact with and communicate with the plaintiff in the course of the representation. The jury can choose to accept or not to accept Attorney Minnella's observations as to how the criminal trial affected the plaintiff. The jury's role is to weigh all the evidence presented. Anderson v. Liberty Lobby, Inc. 477 U.S. 242. Attorney Minella may offer testimony on how the wrongful conduct of the defendants' has affected Plaintiff just as other witnesses may offer this testimony such as Plaintiff's wife and father.

Defendant Tokarz's objection to the Plaintiff's use of an expert witness to provide testimony concerning the reasonableness of the criminal fees he was charged, is also without merit. Pursuant to D. Conn. L.R. 83.13 (3) an attorney may provide testimony concerning the nature and value of legal services rendered in a case. Further, pursuant to Rule 702 of the Federal Rules of Evidence, the attorney, as an expert offering specialized knowledge in legal fees, may offer expert testimony on the reasonableness of the criminal fee charged Plaintiff as an aid to the jury.

Further, defendants have in no way been prejudiced by the disclosure of an attorney expert witness in the Joint Trial Memorandum. He is free to call his own attorney expert in an attempt to counteract any testimony offered by Plaintiff's expert.

Based on the foregoing, the court should deny the defendant's motion in limine.

## 2.     RE:     TESTIMONY OF EMTS SAARI AND GRUDZIEN CONCERNING INTOXICATION

The plaintiff objects to the defendant's motion in limine to preclude the introduction of any testimony by witnesses Saari and Grudzien concerning their opinion whether or not the plaintiff was intoxicated on the night in question.

Federal Rules of Evidence 602 provides:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

Saari and Grudzien observed the plaintiff on the night in question. In particular, they were called to the scene of the assault and attended to the plaintiff, specifically treating him for his head injury and testing his vital signs. Thus, Saari and Grudzien have personal knowledge of how the plaintiff acted, what his eyes looked like, the nature of his speech, etc.

Federal Rules of Evidence 701 provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Saari and Grudzien can testify as to their opinion of the plaintiff's condition on the night in question and concerning the medical evaluation they performed upon Plaintiff and their findings concerning whether he exhibited medical signs of one who is intoxicated. They are entitled to provide this medical testimony along with their observations and perception of Plaintiff's condition. Pursuant to Federal Rules of Evidence 701, they may give their opinions

based on their perceptions.   Further, the jury's role is to weigh all the evidence presented.

Anderson v. Liberty Lobby, Inc. 477 U.S. 242.  The jury thus must determine whether or not it

deems the EMTs' opinions as to the plaintiff's condition on the night in question credible or not.

Based on the foregoing, the court should deny the defendant's motion in limine.

**3.     RE:    TESTIMONY OR DOCUMENTS CONCERNING LEGAL FEES IN PRESENT CIVIL CASE**

Plaintiff will not be introducing any evidence of legal fees in the civil action to the jury

but will offer the evidence post trial to the court.  As such the Motion in Limine on this issue is

not necessary.

**4.     RE:    PHOTOGRAPHS OF SUBJECT AREA**

The plaintiff objects to defendant's motion in limine to preclude the introduction of the

photographs of the subject area as identified in item #7 of the plaintiff's expected exhibits.  The

defendant argues that the photographs do not depict the same view available to the defendants

under the same lighting conditions, the photos are not relevant, are unduly prejudicial and should

not be viewed by the jury.

The defendant properly points out that the Federal Rules of Evidence generally allow for

the admission of photographs assuming a proper foundation is laid.  Navarro de Cosme v.

Hospital Pavia, 922 F.2d 926, 931 (1st Cir. 1991).  Furthermore, "the balance should be struck in

favor of admission".  Block v. R.H. Macy & Co., Inc., 712 F.2d 1241, 1244 (8th Cir. 1983).

In the present case, the probative value of the photographs is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rules of Evidence 403. Although the photographs may not depict the exact same view available to the defendants under the same lighting conditions, this should not bar their admissibility. The photographs are not being offered to prejudice the defendant but are instead relevant (1) to help the jury to visualize the site where the constitutional violations took place and (2) to help the jury visualize all other locations relevant to the night in question. It is not necessary that the picture be correct at the exact moment of the accident or incident. Zinnel v. U.S. Emergency Shipping Board of Emergency Fleet Corp., 10 F.2d 47.

The jury may determine that the photographs support the testimony of the plaintiff. However, the photographs are not the key piece of evidence and the jury will be provided with additional evidence to assist in making its ultimate determination. (See Rivera v. Scully, 1993 U.S. Dist. LEXIS 15359, where the court found that although photographs reinforced the jury's belief in the witness' veracity, it was not the key piece of evidence in the case. "Even if the admission of the photograph of the deceased was erroneous, its admission would not be an error of constitutional dimensions".)

The defendant also will have an opportunity to inform the jury that the photographs may not depict the scene exactly as it existed on the night in question. It will then be left to the jury to weigh the photographic evidence, just as it must judge and weigh all pieces of evidence. Anderson v. Liberty Lobby, Inc. 477 U.S. 242.

Based on the foregoing, the court should deny the defendant's motion in limine

5.    **RE:    PLAINTIFF'S LOST WAGES, EARNINGS OR EARNING CAPACITY**

Plaintiff has withdrawn his lost wage, impairment of earning capacity and lost business income claim as indicated in the Joint Trial Memorandum, so the Motion in Limine filed by Defendant Tokarz is puzzling and unnecessary.

6.    **RE: PHOTOGRAPHS OF PLAINTIFF'S "TRUCK", COMPARATIVE "TRUCKS" AND "VEHICLE MANUALS"**

The plaintiff objects to the defendant's motion in limine to preclude the introduction of photographs of the plaintiff's "truck", comparable "trucks" and "vehicle manuals". The defendant argues that because the photographs do not depict the same vehicles viewed by the defendants under the same lighting conditions, the photos are not relevant, are unduly prejudicial and should be viewed by the jury.

The Federal Rules of Evidence generally allow for the admission of photographs assuming a proper foundation is laid. Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 931 (1st Cir. 1991). Furthermore, "the balance should be struck in favor of admission". Block v. R.H. Macy & Co., Inc., 712 F.2d 1241, 1244 (8th Cir. 1983).

In the present case, the probative value of the photographs is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rules of Evidence 403. Although the photographs may not depict the exact same view available to the defendants under the same lighting conditions, this should not bar their

admissibility.  The photographs are not being offered to prejudice the defendant but are instead relevant (1) to help the jury visualize the truck that the plaintiff was driving on the night in question and (2) to help the jury visualize the  vehicle that the domestic violence suspect was allegedly driving on the night in question.  It is not necessary that the picture be correct at the exact moment of the accident or incident.  Zinnel v. U.S. Emergency Shipping Board of Emergency Fleet Corp., 10 F.2d 47.

The jury may determine that the photographs support the testimony of the plaintiff.  However, the photographs are not the key piece of evidence and the jury will be provided with additional evidence to assist in making its ultimate determination. ( See Rivera v. Scully, 1993 U.S. Dist. LEXIS 15359, where the court found that although photographs reinforced the jury's belief in the witness' veracity, it was not the key piece of evidence in the case.  "Even if the admission of the photograph of the deceased was erroneous, its admission would not be an error of constitutional dimensions".)

The defendant also will have an opportunity to inform the jury that the photographs may not depict the vehicles exactly as they existed on the night in question.  It will then be left to the jury to weigh the photographic evidence, just as it must weigh and judge all pieces of evidence.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242.

Vehicle manuals are not totally irrelevant in the present case.  The manuals will serve to explain and highlight the distinguishing features of the various vehicles present at or around the site where the plaintiff's constitutional rights were violated.  Plaintiff will provide to the opposing parties a copy of any such manuals at the time exhibits are exchanged.

Based on the foregoing, the defendant should deny plaintiff's Motion in Limine.

## 7.    RE:    TESTIMONY CONCERNING POLICE PRACTICE, TACTICS OR PROCEDURES AND MANUALS, TRAINING MATERIALS, REGULATIONS AND/OR RELATED DOCUMENTS

The plaintiff objects to the defendant's motion in limine to preclude any testimony by any of the plaintiff's witnesses or the introduction of any document concerning police practices, procedures, tactics, manuals, training materials, regulations, or unidentified "related documents".

The defendant argues that such testimony and evidence can only be introduced through an expert witness and that the plaintiff has not disclosed such a witness. The defendants, being police officers and state troopers, have personal knowledge of police/state trooper practices, procedures, tactics, manuals, training materials and regulations. As such, they can testify to these matters based on their personal knowledge, pursuant to Federal Rules of Evidence 602 and 701, and the testimony of an expert witness will not be required.

Defendant already has all manuals in its possession so there is no unfair surprise or prejudice.

The plaintiff may also seek to introduce these documents for impeachment purposes, if for example, the defendant testifies that he acted in accordance with accepted police practice and procedure. Thus, if these documents will be used for impeachment purposes, the plaintiff is not required to disclose them to the defendant.

Further, the training documents are relevant to the present case. For example, the manuals may provide some definition or description as to when force is excessive in an  arrest

situation or how to apply force, handcuffs, apprehend a client, etc.  Such information is relevant to the jury in its ultimate resolution of the case.

Based on the foregoing, the defendant should deny plaintiff's motion in limine.

## 8.    RE:    RELEVANT PORTIONS OF THE CRIMINAL FILES OF PETER KELEMENCKY AND JOSEPH PALLADINO

The plaintiff objects to defendant's motion in limine to preclude the introduction of any documentary evidence in the form of relevant portions of the criminal files of Peter Kelemencky and Joseph Palladino.

The criminal files of Peter Kelemencky and Joseph Palladino are relevant to the present case.  In particular, his criminal charges stemmed from the incident which is the focus of this present civil case.

The defendant's argument that in the absence of prompt disclosure, the defendants are left to speculate about possible ambush and surprise, must fail.  Obviously the plaintiff was disclosed as a witness in this case from the outset.  Palladino was also disclosed as a witness during discovery.  Any information contained in the criminal files of these two individuals might shed light on what truly occurred on October 10, 1999.  What ever evidence is offered derived from these files will of course be subject to any proper evidentiary objections asserted by defendants.

The defendant further notes that in the absence of prompt disclosure, the defendants are left to speculate about possible ambush and surprise.  The plaintiff assures that it will disclose to

defendants regarding any documents to be used at trial from Kelemencky and Palladino's criminal files.

Based on the foregoing, the court should deny Defendant's Motion in Limine.


PLAINTIFF,
PETER KELEMENCKY

By: _____
Tavis Tindall
Federal Bar Number: ct 18892
Moynahan, Ruskin, Mascolo & Minnella
141 East Main Street, P.O. Box 2242
Waterbury, CT 06722-2242
(203) 573-1411

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, via U.S. Mail to the following counsel of record this 23rd day of June, 2004:

Thomas R. Gerarde, Esq.
John J. Radshaw III, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114


Stephen R. Sarnoski, Assistant Attorney General
110 Sherman Street
Hartford, CT 06105


James N. Tallberg, Esquire
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277


Tavis Tindall