UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER KELEMENCKY,<br>          PLAINTIFF | :<br>:<br>:     CIVIL ACTION NO.: V<br>:<br>:     3:01-CV-01811 (SRU)<br>:<br>STATE TROOPER CUSATO #1090;  :<br>ET AL.,                       :<br>          DEFENDANTS         :<br>:     JUNE 28, 2004<br>: |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO
PLAINTIFF'S MOTION IN LIMINE**

The Plaintiff files this Response to Troop L Defendants' Objection to Plaintiff's Motion in Limine dated June 17, 2004.

**ARGUMENT**

1. **The Defendant should be precluded from submitting evidence of Plaintiff's refusal to take a blood/alcohol breathalyzer test and any inferences which can be drawn from his refusal.**

The Defendant objects to Plaintiff's Motion in Limine requesting that Defendant be prohibited from offering evidence regarding Plaintiff's refusal to take a blood/alcohol breathalyzer test and any inferences which can be drawn from his refusal.

The Defendant asserts that evidence of a party's refusal to take a blood alcohol test is well-accepted in Connecticut jurisprudence in cases of this sort. State v. McCarthy, 63 Conn. App. 435 (2001). Although this may be true, the present

case will be heard in Connecticut Federal District Court and the admissibility of evidence is thus controlled by the Federal Rules of Evidence. Pursuant to Federal Rules of Evidence 403, the probative value of evidence of Plaintiff's refusal to take a blood/alcohol breathalyzer test, and any inferences which can be drawn from his refusal, is far outweighed by prejudice to the Plaintiff and confusion of the issues. As such, the evidence is inadmissible.

Based on the foregoing, Kelemencky's alleged refusal to take a blood/alcohol breathalyzer or urine test should not be admitted into evidence.

**2.    The Defendant should be precluded from submitting evidence regarding any officers' comments that the Plaintiff was intoxicated, "blotto" or drunk.**

The Defendant objects to Plaintiff's Motion in Limine requesting that Defendant be precluded from submitting evidence regarding any officers' comments that the Plaintiff was intoxicated, "blotto" or drunk.

The Defendant cites State v. Pjura, 68 Conn. App. 119 (2002), for the proposition that police officers are uniquely qualified to render such opinions whether a suspect encountered on the street is intoxicated because of their training and experience. However, the facts in Pjura can be distinguished from the facts in the present case. In Pjura, unlike the present case, the police officer administered field sobriety tests to assess the intoxication level of the suspect. The court determined that when a police officer's testimony involves an overall interpretation of observations *and field tests* that is based on his skill and knowledge, which is

beyond the jury's general knowledge because the officer has special training, that opinion may properly be admitted as his expert opinion. The court accordingly concluded that a police officer's observations concerning a defendant and his actions, *along with the officer's interpretation of field tests*, may be admitted as part of the officer's expert opinion testimony when they are interpreted by the officer as an integral part of his opinion.

In the present case, the Defendant officers did not administer field sobriety tests and instead relied solely on their observations to determine whether Kelemencky was intoxicated. The Pjura holding thus is not applicable given that field sobriety tests were not administered.

Based on the foregoing, any prior or new testimony from the officers that the Plaintiff was intoxicated, drunk, "blotto" or the like should not be admitted into evidence.

**3.     The Defendants should be precluded from submitting evidence regarding any statements and/or observations that there were beer bottles and/or cans in Plaintiff's vehicle.**

The Defendant objects to Plaintiff's Motion in Limine requesting that Defendant be precluded from submitting evidence regarding any statements and/or observations that there were beer bottles/cans in Plaintiff's vehicle.

The Plaintiff maintains that any evidence regarding this observation is not relevant to the present case. See Federal Rules of Evidence 401. In particular, whether or not there were old bottles/cans of beer in Plaintiff's vehicle does not

3

make it more or less probable that the Defendants had probable cause to arrest Plaintiff for driving while intoxicated.

Even if the court deems relevant the Defendant officer's statements that there were bottles/cans of beer in Kelemencky's vehicle, the probative value of this evidence is far outweighed by prejudice to the Plaintiff. See Federal Rules of Evidence 403. In particular, the mention of alcohol use or possession may arouse improper and unfounded ideas and suspicion of Kelemencky's alleged propensity to drink and drive in the past

Based on the foregoing, any statements, observations, etc., regarding bottles/cans of beer found in Kelemencky's vehicle should not be admitted into evidence.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that his Motion in Limine be granted in all respects.

Peter Kelemencky, Plaintiff

By: /s/ Tavis Tindall
Tavis Tindall, for
Moynahan, Minnella & Tindall, LLC
Federal Bar Number: ct 18892
Moynahan, Minnella, & Tindall
141 East Main St., P.O. Box 2242
Waterbury, CT 06722-2242
(203) 573-1411
Fax No. 203-757-9313
Email: ttindall@moynahanlawfirm.com

## CERTIFICATION

This is to certify that this original document will be filed with the court on July 8, 2004, and a copy of the foregoing was hand delivered to the following counsel of record on the 8th day of July, 2004:

John J. Radshaw III, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Stephen R. Sarnoski
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

James Talberg, Esq.
Updike, Kelly & Spellacy
1 State Street, P.O. Box 231277
Hartford, CT 06123-1277

_____
Tavis Tindall