UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER KELEMENCKY,<br>PLAINTIFF | :<br>:<br>:<br>: CIVIL ACTION NO.: V<br>:<br>: 3:01-CV-01811 (SRU)<br>:<br>:<br>:<br>: |
| STATE TROOPER CUSATO #1090;<br>ET AL.,<br>DEFENDANTS | |
| | : JUNE 28, 2004 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO
PLAINTIFF'S MOTION IN LIMINE**

The Plaintiff files this Response to Defendant Wildman's Objection to Plaintiff's Motion in Limine dated June 22, 2004.

**ARGUMENT**

1. **The Defendant should be precluded from submitting evidence of Plaintiff's refusal to take a blood/alcohol breathalyzer test and any inferences which can be drawn from his refusal.**

The Defendant objects to Plaintiff's Motion in Limine requesting that Defendant be prohibited from offering evidence regarding Plaintiff's refusal to take a blood/alcohol breathalyzer test and any inferences which can be drawn from his refusal.

The Defendant cites McKinney v. Galvin, 701 F.2d 584 (6th Cir. 1983), for the proposition that evidence of Plaintiff's refusal to submit to a blood alcohol test was properly admitted over Plaintiff's objections that the evidence was irrelevant

and unfairly prejudicial. Although this case may be persuasive, it is not a decision from the 2nd Circuit Court of Appeals nor is it a decision from the Connecticut Federal District Court. As such, this case is not determinative of whether the Plaintiff's refusal to take a blood/alcohol breathalyzer test, and any inferences which can be drawn from his refusal, is admissible evidence. The Plaintiff continues to maintain that this evidence is not relevant and even if deemed relevant, it is far outweighed by prejudice to the Plaintiff and confusion of the issues. See Federal Rules of Evidence 403.

Based on the foregoing, Kelemencky's alleged refusal to take a blood/alcohol breathalyzer or urine test should not be admitted into evidence.

**2. The Defendant should be precluded from submitting evidence regarding Plaintiff's two prior arrests and incidents with the police.**

The Defendant objects to Plaintiff's Motion in Limine requesting that Defendant be prohibited from submitting evidence regarding Plaintiff's two prior arrests and incidents with the police.

Rule 404(b) provides that "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Rule 404 (b) makes clear that the Plaintiff's prior arrests and incidents with the police are not admissible to show that Plaintiff has a propensity to disobey the orders of authority and that on October 10, 1999, he acted in conformity with this propensity. The Defendant maintains that evidence of Plaintiff's prior arrests and incidents with the police show that Plaintiff has a bias towards the police and thus was likely to act the way that he did on the day in question. In other words, the Plaintiff has a predisposition to disobey the police. Such propensity/predisposition evidence is clearly barred by Rule 404(b) of the Federal Rules of Evidence.

The Defendant further claims that Plaintiff has a history of animosity and ill will towards the police. It is impossible to conceive how Plaintiff's two prior arrests and the dismissal of the charges constitute evidence of animosity and ill-will towards the police.

Based on the foregoing, Kelemencky's prior arrests, incidents involving the police and prior litigation with the police should not be admitted into evidence.

**3. The Defendant should be precluded from submitting evidence regarding any officers' comments that the Plaintiff was intoxicated, "blotto" or drunk.**

The Defendant objects to Plaintiff's Motion in Limine requesting that Defendant be precluded from submitting evidence regarding any officers' comments that the Plaintiff was intoxicated, "blotto" or drunk.

The Defendant claims that he should be permitted to testify as a lay person as to the issue of Plaintiff's intoxication. If the Defendant is allowed to testify as a

3

lay person, such testimony will serve to mislead the jury and prejudice the Defendant and is thus inadmissible pursuant to Federal Rules of Evidence 403.

After taking the stand, the Defendant police officers will likely testify as to their experience and training in DUI arrests and in determining if/when a driver is intoxicated. Based on this testimony, the jury will be led into believing that the Defendant police officers are actually experts and thus, the jury may deem their testimony more credible or trustworthy than the testimony of other witnesses. This, in effect, will prejudice and harm the Plaintiff.

Based on the foregoing, any prior or new testimony from the Defendant officers that the Plaintiff was intoxicated, drunk, and "blotto" or the like should not be admitted into evidence.

### 1. The Defendants should be precluded from submitting evidence regarding any statements and/or observations that there were beer bottles and/or cans in Plaintiff's vehicle.

The Defendant objects to Plaintiff's Motion in Limine requesting that Defendant be precluded from submitting evidence regarding any statements and/or observations that there were beer bottles/cans in Plaintiff's car.

The Plaintiff maintains that any evidence regarding this observation is not relevant to the present case. See Federal Rules of Evidence 403. In particular, whether or not there were old bottles/cans of beer in Plaintiff's car does not make it

more or less probable that the Defendants had probable cause to arrest Plaintiff for driving while intoxicated.

Even if the court deems relevant the officer's statements that there were bottles/cans of beer in Kelemenckys' car, the probative value of this evidence is far outweighed by prejudice to the Plaintiff. See Federal Rules of Evidence 404(b). In particular, the mention of alcohol use or possession may arouse improper and unfounded ideas and suspicion of Kelemencky's propensity to drink and drive. Just because someone allegedly has old bottles and cans of alcohol in his/her vehicle does not mean that they drink and drive, do not drink responsibly or are "drunk".

The Plaintiff cites Pizzo v. Comm'r of Motor Vehicles, 771 A.2d 273 (Conn. App. Ct. 2000) and Coons v. Casabell, 284 F.3d 437 (2d. Cir. 2002), for the proposition that the presence of alcohol containers in the driver's automobile is part of the total mix of evidence that can establish probable cause of driving while intoxicated.

In the present case, there is also a strong possibility that any beer cans/bottles found in the Plaintiff's vehicle were empty recycables and that there were other recycables, such as soda cans, in the vehicle. The cases cited by the Defendant do not clarify how the mix of evidence that can establish probable cause is disturbed or disrupted where beer cans *and other cans* are found in a vehicle.

Based on the foregoing, any statements, observations, etc., regarding bottles/cans of beer found in Kelemencky's vehicle should not be admitted into evidence.

### III.   **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that his Motion in Limine be granted in all respects.

Peter Kelemencky, Plaintiff

By: /s/ Tavis Tindall
Tavis Tindall, for
Moynahan, Minnella & Tindall, LLC
Federal Bar Number: ct 18892
Moynahan, Minnella, & Tindall
141 East Main St., P.O. Box 2242
Waterbury, CT 06722-2242
(203) 573-1411
Fax No. 203-757-9313
Email: ttindall@moynahanlawfirm.com

## CERTIFICATION

This is to certify that this original document will be filed with the court on July 8, 2004, and a copy of the foregoing was hand delivered to the following counsel of record on the 8th day of July, 2004:

John J. Radshaw III, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Stephen R. Sarnoski
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

James Talberg, Esq.
Updike, Kelly & Spellacy
1 State Street, P.O. Box 231277
Hartford, CT 06123-1277

_____
Tavis Tindall