**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PETER KELEMENCKY, | : | NO. 3:01CV-1811(SRU) |
| *plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| STATE TROOPER CUSATO, *et al.,* | : | |
| *defendants.* | : | JULY 9, 2004 |

**STATE POLICE DEFENDANTS'**
**SUPPLEMENTAL REQUEST FOR JURY INSTRUCTION**

The below named defendants hereby submit the following supplemental request for instructions to the jury.

**Exceptions: Investigatory Detention of Persons**

12. The Fourth Amendment protects a person's right to be secure against unreasonable seizure. In order to protect that right, formal arrests or seizures that resemble formal arrests must be supported by probable cause. Recognizing that police officers must often act before probable cause can be determined, however, the courts have adopted an intermediate approach applicable to investigatory detentions of persons reasonably suspected of being involved in criminal activity. During an investigatory detention, a police officer may temporarily detain an individual suspected of criminal activity if the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. While investigative detentions are seizures under the Fourth Amendment, they constitute such limited intrusions on the personal security of those detained and are justified by such substantial law enforcement interests that they may be made on less than probable cause. Investigative detentions must be limited in scope to the justification for the stop. An encounter between police

1

and an individual which goes beyond the limits of an investigative detention, however, may be constitutionally justified only by probable cause or consent.

Since police officers should not be required to take unnecessary risks in performing their duties, they are authorized to take such steps as are reasonably necessary to protect their personal safety and to maintain the status quo during the course of an investigative detention. A police officer may stop an individual who is reasonably suspected of criminal activity, question him briefly, and perform a limited pat down search or "frisk" of a suspect's outer clothing for weapons. The drawing of guns by police officers in connection with an investigative detention is also permissible where the police reasonably believe that weapons are necessary for their protection. The display of a weapon by a police officer, without more, does not transform an otherwise valid investigative detention into an arrest requiring probable cause. Moreover, before drawing his weapon, a police officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.

During the course of an investigative detention, a police officer may order a suspect to get out of his automobile, and to lie on the ground if such actions are reasonably necessary to safeguard the officer or others in the vicinity of the stop. Directing a suspect to lie on the ground may provide police officers with a better view of the suspect and prevent him from obtaining weapons which might have been in the car or on his person. Police officers may even handcuff a criminal suspect for their protection without transforming a valid investigatory detention based on reasonable, articulable suspicion into an arrest requiring probable cause. The Fourth

Amendment does not require that officers unnecessarily risk their lives when encountering a suspect whom they reasonably believe to be armed and dangerous.

**Authority:** *Michigan v. Summers,* 452 U.S. 692, 700, 69 L. Ed. 2d 340, 101 S. Ct. 2587 (1981); *Terry v. Ohio,* 392 U.S. 1, 20-21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *Florida v. Royer,* 460 U.S. 491, 500, 75 L. Ed. 2d 229, 103 S. Ct. 1319 (1983); *Pennsylvania v. Mimms,* 434 U.S. 106, 110, 54 L. Ed. 2d 331, 98 S. Ct. 330 (1977); *United States v. Brignoni-Ponce,* 422 U.S. 873, 881-82, 45 L. Ed. 2d 607, 95 S. Ct. 2574 (1975); *Berkemer v. McCarty,* 468 U.S. 420, 439, 82 L. Ed. 2d 317, 104 S. Ct. 3138 (1984); *United States v. Sharpe,* 470 U.S. 675, 689 105 S.Ct. 1568, 1577, 84 L.Ed.2d 605 (1985) (Marshall, J., concurring); *United States v. Hensley,* 469 U.S. 221, 235, 83 L. Ed. 2d 604, 105 S. Ct. 675 (1985); *United States v. Perdue,* 8 F.3d 1455 (10th Cir. 1993); *United States v. Merritt,* 695 F.2d 1263, 1273 (10th Cir. 1982), *cert. denied,* 461 U.S. 916, 77 L. Ed. 2d 286, 103 S. Ct. 1898 (1983); *United States v. Jackson,* 652 F.2d 244, 249 (2d Cir.), *cert. denied,* 454 U.S. 1057 (1981); *United States v. Merkley,* 988 F.2d 1062, 1064 (10th Cir. 1993) (display of firearms and use of handcuffs); *United States v. Esieke,* 940 F.2d 29, 36 (2d. Cir.) (handcuffs and leg irons), *cert. denied,* 116 L. Ed. 2d 632, 112 S. Ct. 610 (1991); *United States v. Crittendon,* 883 F.2d 326, 329 (4th Cir. 1989) (handcuffs); *United States v. Hemphill,* 767 F.2d 922 (6th Cir.) (requiring suspects to lie on ground in handcuffs), *cert. denied,* 474 U.S. 982, 88 L. Ed. 2d 340, 106 S. Ct. 388 (1985); *United States v. Kapperman,* 764 F.2d 786, 790 n.4 (11th Cir. 1985) (placing suspect in police car in handcuffs); *United States v. Taylor,* 716 F.2d 701, 709 (9th Cir. 1983) (making suspect lie on ground in handcuffs).

13. In the context of a roadside encounter during an investigatory stop of an automobile, where police have reasonable suspicion based on specific and articulable facts to believe that a

motorist or his passengers may be armed and dangerous, an officer may conduct a protective search for weapons not only of the occupants' persons, but also of the passenger compartment of the automobile itself.  If, while conducting a legitimate protective search of the interior of the automobile, the officer should discover contraband other than weapons, he may lawfully seize such contraband without violating the Fourth Amendment rights of the suspect(s).

**Authority:**  *Minnesota v. Dickerson,* 508 U.S. 366, 375-76, 113 S.Ct. 2130, 2136-37, 124 L.Ed.2d 334 (1993); *Pennsylvania v. Mimms,* 434 U.S. 106, 111, 98 S.Ct. 330, 334, 54 L.Ed.2d 331 (1977).

14.  Under the related "plain-view" doctrine, if the police are lawfully in a position from which they view an object while conducting a search for weapons in conjunction with an investigatory detention, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant, even if it is not a weapon.  An officer clearly cannot be required to ignore contraband.  Thus, if a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that which is already authorized by the officer's search for weapons.  If the object is contraband, its warrantless seizure is justified by the same practical considerations that inhere in the plain view context.

**Authority:**  *Minnesota v. Dickerson,* 508 U.S. 366, 375-76, 113 S.Ct. 2130, 2136-37, 124 L.Ed.2d 334 (1993).

DEFENDANTS
Paul Lukienchuk, Jason DeSousa, David Pandiscia, and James Dolan

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By: __/s/_____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut  06105
Tel. (860) 808-5450
Federal bar #ct05129
E-mail:  stephen.sarnoski@po.state.ct.us

## **CERTIFICATION**

This is to certify that a copy of the foregoing Motion was mailed, first-class, postage pre-paid, to all pro se parties and/or counsel of record on this the _____ day of _____, 2004.

    Timothy Moynahan, Esq.
    Tavis Tindall, Esq.
    Moynahan, Ruskin, Mascolo & Minnella
    141 East Main Street
    P.O. Box 2242
    Waterbury, Connecticut 06722-2242

    John J. Radshaw, III, Esq.
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, Connecticut  06114-1190

    James Tallberg, Esq.
    Updike, Kelly & Spellacy
    One State Street
    Hartford, Connecticut 06103

                                           ___/s/_____
                                           Stephen R. Sarnoski
                                           Assistant Attorney General