UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER KELEMENCKY, | : | NO. 3:01CV-1811(SRU) |
| *plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| STATE TROOPER CUSATO, *et al.,* | : | |
| *defendants.* | : | JULY 11, 2004 |

**<u>STIPULATED SETTLEMENT</u>**

**WHEREAS**, the above-captioned action was brought by Peter Kelemencky, as plaintiff, against Sergeant James Dolan, and Troopers Paul Lukienchuk, Joseph Cusato, Thomas Blake, Jason DeSousa and David Pandiscia of the Connecticut State Police, Sergeant Richard Wildman of the Middlebury Police Department, and Officer Stephen Tokarz as defendants, alleging violations of his constitutional right to be free from unlawful arrest, excessive force and malicious prosecution, and further alleging the abuse of process and intentional infliction of emotional distress under Connecticut common law arising out of an incident wherein he was arrested and thrown to the ground on October 10, 1999 in the Town of Woodbury, Connecticut;

**WHEREAS**, the plaintiff, represented by Attorney Timothy Moynihan, and the State Police defendants, represented by Assistant Attorney General Stephen R. Sarnoski, the Middlebury Police defendant, represented by Attorney James N. Tallberg, and the Woodbury Police defendant represented by Attorney John J. Radshaw, III, acting upon the advice of their respective attorneys, agree that settlement of all the issues raised by the above-captioned action, would best serve the interests of the parties; and

**WHEREAS**, said parties have attested, and by affixing their signatures hereto do thereby acknowledge, that they voluntarily consent to this Stipulated Settlement as their free act and

deed, without undue influence, coercion or duress, and expressly agree to be bound hereby;

**NOW, THEREFORE**, without further proceedings or adjudications of any of the issues of fact or law raised by the disputed claim(s) herein, the parties stipulate and agree as follows:

1. The plaintiff shall immediately, and with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, move for an order of dismissal of this lawsuit, and shall execute the Release of Liability which is attached hereto as Exhibit A.

2. Upon the dismissal of this lawsuit pursuant to Rule 41 (a)(2) of the Federal Rules of Civil Procedure as described above, and upon receipt of the signed Release of Liability, the defendants shall, within thirty (30) days, or as soon thereafter as practicable, pay, from the State of Connecticut on behalf of the State Police defendants the sum of forty thousand dollars ($40,000.00), from the Middlebury Police defendant the sum of twenty-five thousand dollars ($25,000.00), and from the Woodbury Police defendant the sum of twenty-five thousand dollars ($25,000.00), to the plaintiff through checks made payable to his attorney as trustee.

3. The parties understand and agree that the payment of the aforesaid sum is not intended to constitute, nor shall it be regarded as, an admission of liability on the part of the State of Connecticut, the Office of the Attorney General, the Department of Public Safety or its Division of State Police, the Town of Middlebury, the Town of Woodbury, or any of their present or former officers, agents or employees, including the named defendants.  Rather, this stipulation between the parties constitutes a compromise settlement of the matters stated in this claim for the sole purpose of avoiding further expense and inconvenience to both parties in pursuing or defending this matter as might otherwise be required.

4. The parties expressly acknowledge that this Stipulation of Settlement is intended to, and shall, constitute full and final settlement of all claims and/or rights of action which have arisen, or may in the future arise, out of any of the circumstances which are the subject of this lawsuit including, but not limited to, common law claims of trespass, assault & battery, negligence, false arrest and imprisonment, abuse of process and infliction of emotional distress, any and all claims which may be brought pursuant to the Connecticut Constitution, and such claims as may be cognizable under Title 42 U.S.C. § 1983 for alleged violations of the plaintiff's federal civil rights. In furtherance thereof, the undersigned plaintiff does now and forever release the defendants, Sergeant James Dolan, and Troopers Paul Lukienchuk, Joseph Cusato, Thomas Blake, Jason DeSousa and David Pandiscia of the Connecticut State Police, Sergeant Richard Wildman of the Middlebury Police Department, and Officer Stephen Tokarz of the Woodbury Police Department, their heirs, successors and assigns, the State of Connecticut, its agencies, departments and commissions, and all of their present or former officers, agents and employees from any and all further liability whatsoever in connection with the circumstances surrounding the above-captioned lawsuit and appeal, if any, in accordance with the duly executed Release of Liability which is attached hereto as Exhibit A.

5. The parties agree that the terms and conditions of this Stipulation of Settlement shall be incorporated into the motion for order of dismissal referred to in paragraph 1 above, and that the United States District Court for the District of Connecticut may retain jurisdiction over this matter for the purpose of ensuring that all of the terms and conditions of this agreement are carried out as set forth herein.

6. The parties further agree that the settlement terms and conditions described herein represent the entire agreement of the parties concerning the settlement of this lawsuit with respect to the defendants listed herein, and that the respective parties will each bear their own costs, fees, and expenses, and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7. The parties further agree that the discussions leading to the execution of this settlement are confidential and that neither they nor their agents or representatives will disclose any information about such terms of settlement or discussions to anyone at any time, except to the parties' attorneys, for tax purposes, as necessary to defend or enforce any claim regarding any of them related to this settlement agreement, or as otherwise required by law. The parties also agree that if they or their representatives are contacted, either verbally or in writing, by an individual or entity seeking information regarding any past, present, future claims or causes of action regarding this matter, the only information provided will be that there was a satisfactory resolution of this lawsuit.

FOR THE PLAINTIFF:

DATE: _____      \_\_/s/_____
Timothy Moynahan, Esq.
Moynahan, Minnella & Tindall, LLC
141 East Main Street
P.O. Box 2242
Waterbury, Connecticut 06722-2242
Tel; (203) 573-1411
Fed. Bar No. ct09880
HIS ATTORNEY

|  | FOR THE STATE POLICE DEFENDANTS: |
|---|---|
| DATE: _____ | \_\_/s/_____ <br> Stephen R. Sarnoski <br> Assistant Attorney General <br> MacKenzie Hall <br> 110 Sherman Street <br> Hartford, Connecticut 06105 <br> Tel: (860) 808-5450 <br> Fed. Bar #Ct 05129 <br> THEIR ATTORNEY |
|  | FOR THE MIDDLEBURY POLICE DEFENDANT: |
| DATE: _____ | \_\_/s/_____ <br> James Tallberg, Esq. <br> Updike, Kelly & Spellacy <br> One State Street <br> Hartford, Connecticut 06103 <br> Tel: (860) 548-2600 <br> Fed. Bar #Ct 17849 <br> HIS ATTORNEY |
|  | FOR THE WOODBURY POLICE DEFENDANT: |
| DATE: _____ | \_\_/s/_____ <br> John J. Radshaw, III, Esq. <br> Howd & Ludorf <br> 65 Wethersfield Avenue <br> Hartford, Connecticut 06114-1190 <br> Tel: (860) 249-1361 <br> Fed. Bar #Ct 19882 <br> HIS ATTORNEY |